BETTY BEUSCHEL, Appellant, v. JACOB MANOWITZ, Respondent.*— Order directing plaintiff and her child to permit the taking of blood for the purpose of determining defendant's paternity of the child reversed on the law and the facts, without costs, and motion denied. Plaintiff may submit or not to the taking of her own blood, but it plainly determines nothing. She asserts, and no one would gainsay it, that she is the mother of this child. A blood test of the defendant and the child may possibly determine his non-paternity, but it is not claimed, as we understand the record, that such a blood test would determine the defendant's paternity. This child is not a party to this action; and while a court of chancery has an inherent jurisdiction over the welfare of an infant, a ward of the court, nothing in this case indicates in the slightest that the welfare of this infant is in any wise involved or that the blood test could possibly be beneficial to the infant. Section 306 of the Civil Practice Act has no application to the facts of this case. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

THE BOWERY SAVINGS BANK, Respondent, v. CHARLES A. BRIGGS and Others, Appellants, Impleaded with Others, Defendants.— Order denying motion to dismiss the complaint or amended complaint so far as grounds sufficient to sustain a deficiency judgment are alleged affirmed, with ten dollars costs and disbursements; the answer to be served within ten days from the entry of the order herein. No opinion. Young, Hagarty, Carswell, Scudder and Davis, JJ., concur.

ERNEST J. ELLENWOOD, Appellant, v. ALLIED INTERNATIONAL INVESTING CORPORATION, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Carswell, Scudder and Davis, JJ.

THE FIRST NATIONAL BANK AND TRUST COMPANY OF TUCKAHOE, N. Y., Respondent, v. LOUIS S. QUIMBY, Defendant, and HANNAH M. QUIMBY, Appellant. — Order and summary judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements. The denials are frivolous. (Rochkind v. Perlman, 123 App. Div. 808; Hanna v. Mitchell, 202 id. 504; affd., 235 N. Y. 534.) The counterclaim sets up a cause of action in tort, to wit, the wrongful application of deposit of funds in plaintiff's bank, and for which wrong large damages are demanded. The action is to recover a judgment on a promissory note upon which appellant was liable as an indorser. This counterclaim is not one which may be interposed under the provisions of section 266 of the Civil Practice Act. (Burroughs v. Tradesmen's Nat. Bank, 87 Hun, 6; affd., 156 N. Y. 663; Wildenberger v. Ridgewood Nat. Bank, 230 id. 425, 427.) Present — Young, Hagarty, Carswell, Scudder and Davis, JJ.

CELIA C. GALLIN, Suing on Her Own Behalf and on Behalf of All Other Creditors of BOND AND MORTGAGE GUARANTEE COMPANY Similarly Situated, Appellant, v. C. D. BURDICK and Others, Defendants, Impleaded with BOND AND MORTGAGE GUARANTEE COMPANY, Respondent.† — Order affirmed, with ten dollars costs and disbursements. No opinion. A question will be certified to the Court of Appeals if the plaintiff desires in order that it may be early determined in whom the alleged cause of action vests. Young, Hagarty, Carswell, Scudder and Davis, JJ., concur.