## WADLOW v. HUMBERD.

### No. 2297.

District Court, W. D. Missouri, St. Joseph Division.

Feb. 25, 1939.

Perry Hiles and M. E. Newell (of Hiles & Newell), all of Alton, Ill., and Lewis F. Randolph and Nile L. Vermillion (of Randolph & Randolph), all of St. Joseph, Mo., for plaintiff.

H. Don Reynolds (of Loesch, Scofield, Loesch & Burke), all of Chicago, Ill., and Robert A. Brown, Jr. (of Brown, Douglas & Brown), all of St. Joseph, Mo., for defendant.

OTIS, District Judge.

Motion for physical and mental examination under Rule 35, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, in a suit for damages for alleged libel in which the defendant was charged with having made certain defamatory statements concerning plaintiff's physical and mental condition.

It is set up in the motion that the physical and mental condition of the plaintiff is in controversy and that it is desirable that he shall be examined by medical specialists before the trial. The prayer of the motion is that the court order a complete physical and mental examination. It does not appear upon the face of the motion that it is submitted under Rule 35 of the new rules, 28 U.S.C.A. following section 723c, but it was said by counsel in argument that it was so submitted. It was the established law in federal courts prior to the adoption of Rule 35 that such an examination as is asked here could not be ordered.

This is a suit for damages for alleged libel of plaintiff by defendant. It is charged in the petition of the plaintiff—I do not have it now before me and I have not read it for some little time—it is charged in substance in the petition that defendant in a written article—in an article written by defendant and printed in the Journal of the American Medical Association—that plaintiff was suffering from various physical and mental conditions, which were described, and which description, the plaintiff alleges, was calculated to bring him into disrepute, to make him an object of contempt.

I take it from what has been said in the argument that defendant in his answer sets up the truth of the article which he wrote and which was printed. The question presented then is this—a question not argued by counsel—the question presented is, does Rule 35 govern such a situation as is presented by this case.

The language of Rule 35 is this—"In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending may order him to submit to a physical or mental examination by a physician. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

During the short recess I declared at the conclusion of the argument I looked into

the few authorities we have as yet which discuss these Rules. I searched especially for comment on and interpretation of Rule 35. I have here Edmunds on Federal Rules of Civil Procedure, which is said to be one of the best of the new and hastily written text books, and I have here also, what is more valuable, the Reports of the Department of Justice, which comes periodically to the judges, and which embody all of the rulings of the district judges of the United States touching the new rules, in so far as those interpretations are sent to the Department of Justice. They are carefully edited by a special assistant to the Attorney General. I have examined this text book and I have examined these Reports. There is nothing in either the text book or in the decisions of the district judges which lend any support to this motion. I had hoped I would find something in point. Finding nothing in point, and nothing in point has been cited, we are compelled to rely upon our own interpretation and construction of the Rule, which I think is always a very satisfactory situation.

The Rule is to be construed in the light of its history. We know that history. It was intended to bring into the federal system a practice which had obtained in the courts of several of the states. It had obtained in Missouri. In that practice one suing for damages for personal injuries might be required, on the motion of the person sued, to subject himself to examination by a physician appointed by the court so that there might be testimony by an impartial witness as to the injuries on account of which damages were claimed. But that was not the federal practice. The Rule was intended to bring the state practice into the federal system. All of the decisions I have seen interpreting similar state rules and statutes, are those in which suits were brought for damages for personal injuries. It is entirely possible, of course, that I have overlooked some of the decisions. This historical background does not support the motion in the present case. This is not a suit for damages for personal injuries. This is a suit for damages for libel.

Now, let us look to the exact wording of the Rule. We may find in the language used some light for determining the question whether the Rule applies to a case of this kind. The Rule reads, as we have seen—"In an action in which the mental or physical condition of a party is in controversy * * *."

How can "the mental or physical condition of a party" be in controversy in a libel suit? Clearly, it cannot be in controversy. Perhaps I should say, to be a little more explicit, although not more accurate, perhaps I should say that the mental or physical condition of a party can not be immediately or directly in controversy in a libel suit.

Suppose we have a case in which one has written and caused to be printed of another that he has ten toes on each foot. If that publication were believed that person would be greatly damaged. He might contend that he has been libeled. If he brings a suit for libel against the defendant perhaps the defendant will set up in his answer: "What I said of plaintiff is true, he does have ten toes on each foot." Under the pleadings, what is at issue between the parties, what is in controversy? Certainly the number of toes which the plaintiff has on each foot is not a matter immediately and directly in controversy. The issues in controversy are: (a) did the defendant publish the article? and (b), is the statement in the article true or false? There are no other matters in controversy.

To the superficial view it may appear that the issue: "Is A's statement concerning B, that B has ten toes on each foot, a true or a false statement?" is identical with the issue: "Has B ten toes on each foot?" Really the two issues are entirely different. The subject matter of issue No. 1 is the truth or falsity of A's statement. The subject matter of issue No. 2 is the number of toes which B has on each foot.

It is unthinkable that the Rule should be given any such interpretation as is urged here by the defendant. If that interpretation is the right one, then in a case in which A is charged with having libeled B by saying: "She is afflicted with a loathsome disease," B might be subjected to the humiliation of a medical examination before she could bring suit for damages for what might be an outrageous libel. Certainly nothing of that kind was intended by the Supreme Court.

Obviously the Rule looks to a situation in which the mental or physical condition of a party shall be immediately and directly in controversy and not merely in controversy, incidentally and collaterally.

Construing the Rule in the light of its history and of the words used in the Rule,

it must be ruled that it does not justify the present motion.

The motion for an examination as to the mental and physical condition of the plaintiff is overruled. An exception is allowed to the defendant.