**BEACH v. BEACH.**

No. 7559.

United States Court of Appeals for the District of Columbia.

Decided June 28, 1940.

---

480

John T. Bonner, of Washington, D. C., for appellant.

John Paul Jones and Joseph J. Shevlin, both of Washington, D. C., for appellee.

Before STEPHENS, EDGERTON, and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

Appellant sued her husband, the appellee, for maintenance, and alleged that she was pregnant by him. Appellee denied paternity, charged appellant with adultery, and counterclaimed for divorce. Appellant's child was born pending suit, and the District Court, on appellee's motion, ordered appellant and the child to submit to a blood grouping test for comparison of their blood with appellee's. This is a special appeal from that order. The sole question is whether the court was authorized to make it.

The value of blood grouping tests as proof of non-paternity is well known. On this point it is enough to cite the report of the American Medical Association's Committee on Medicolegal Blood Grouping Tests,[1] which shows that although such tests cannot prove paternity, and cannot always disprove it, they can disprove it conclusively in a great many cases provided they are administered by specially qualified experts. When the bloods of mother and child belong to certain groups, there are certain groups to which the father's blood cannot belong. If the putative father's blood is in such a group, he is excluded; i e., he is not the actual father. The report shows that although "control tests with serum" are of little value in "infants" (babies), an infant's blood group "can almost invariably be determined by testing the blood cells alone. In cases in which there is any doubt in the mind of the examiner, the child should be reexamined at a later date when the agglutinins have appeared in the plasma. In general it may be advised that infants should not be examined until they are at least 1 month old."[2] Three eminent scientists, Doctors Ludvig Hektoen, Karl Landsteiner, and Alexander S. Wiener, composed the committee. Their report is based on their own extensive experiences and on the literature of the subject. Their data comprise thousands of tests here and abroad. They recommend that "where necessary, laws should be passed which would authorize courts to order blood grouping tests in cases of disputed paternity, and to receive the results thereof in evidence" when they exclude the alleged father.[3] Such laws have been passed in several states.[4] The use of the tests as disproof of paternity,

[1] 108 Jour. of Am.Med.Assn., 2138–2142; June, 1937.

[2] P. 2141.

[3] P. 2142.

[4] Section 306-a, N.Y.Civil Practice Act (1935); Wisconsin Statutes, 1937, § 325.-23; N.J.Acts, 1939, ch. 221, N.J.S.A. 2:99–3, 2:99–4; Ohio Code Ann. (1940) §§ 12122-1, 12122-2.

with [5] or without [6] a statute expressly authorizing it, has been approved in a number of cases.[7]

■ Formerly federal courts could not subject plaintiffs to physical examination [8] except in states where such examinations were authorized by statute.[9] But Rule 35(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending may order him to submit to a physical or mental examination by a physician." [10] As the rules were authorized and tacitly ratified by Congress, and adopted by the Supreme Court, it is clear that a physical examination may now be ordered in a case covered by Rule 35(a).[11] Appellant's contention that the rule modifies the "substantive rights" of litigants, and is therefore unauthorized,[12] is not sound. The rule relates exclusively to the obtaining of evidence, and is therefore procedural. Appellant's suggestion that it should be interpreted as limited to actions for personal injuries is also unsound.[13] The Advisory Committee's note to Rules 35(a) and 35(b) cites statutes [14] which authorize physical examinations in personal injury actions. The possibility of limiting the rule to such actions must have been considered and rejected. As its language is unlimited, there is no reason for limiting its effect to actions of one class.

■ It remains to consider whether the "physical condition of a party is in controversy."

"Condition" is a broad word. Among its meanings the Century Dictionary lists "quality; property; attribute; characteristic." Clearly the characteristics of one's blood which are expressed in terms of red and white corpuscles, or of haemoglobin, are part of one's "physical condition." [15] We think that the characteristics which are expressed in terms of blood grouping are likewise part of physical condition. The fact that blood grouping remains the same throughout life differentiates it from some aspects of physical condition, but not from all. Blindness, for example, is as much a factor in the physical condition of a man born blind as of one who has lost his sight.

Although appellant, being a minor, sues by her next friend, she is of course a party. We think her child is also a party within the meaning of Rule 35(a). One who is not a party in form may be, for various purposes, a party in substance.[16]

---

[5] In re Lentz, 247 App.Div. 31, 283 N.Y.S. 749, 753; In re Swahn's Will, 158 Misc. 17, 285 N.Y.S. 234 (maternity).

[6] State v. Damm, 64 S.D. 309, 266 N.W. 667; Id., 62 S.D. 123, 252 N.W. 7, 104 A.L.R. 430, 441; Arais v. Kalensnikoff, Cal.App., 67 P.2d 1059, qualified in Id., 10 Cal.2d 428, 74 P.2d 1043, 115 A.L.R. 163; State v. Wright, 59 Ohio App. 191, 17 N.E.2d 428, reversed on other grounds 135 Ohio St. 187, 20 N.E.2d 229; Commonwealth v. Zammarelli, 17 Pa.Dist. & Co.R. 229; Commonwealth v. Visocki, 23 Pa.Dist. & Co.R. 103. Contra, Beuschel v. Manowitz, 241 App.Div. 888, 272 N.Y.S. 165, motion for leave to appeal denied 265 N.Y. 509, 193 N.E. 295; Taylor v. Diamond, 241 App.Div. 702, 269 N.Y.S. 799; Commonwealth v. English, 123 Pa.Super. 161, 186 A. 298.

[7] Cases are collected in Britt, Blood-grouping Tests and the Law: the Problem of "Cultural Lag", 21 Minn.L.Rev. 671, 680; Galton, Blood-grouping Tests and their Relationship to the Law, 17 Ore.L.Rev. 177, 190. Cf. Wigmore, Evidence, Supp.1934, §§ 165a, 165b; Ladd and Gibson, The Medico-Legal Aspects of the Blood Test to Determine Intoxication, 24 Iowa L.Rev. 191, 213, 240.

[8] Union Pacific Ry. Co. v. Botsford, 141 U.S. 250, 11 S.Ct. 1000, 35 L.Ed. 734.

[9] Camden & Suburban R. Co. v. Stetson, 177 U.S. 172, 20 S.Ct. 617, 44 L.Ed. 721.

[10] The rule requires that "The order * * * shall specify the * * * scope of the examination and the person or persons by whom it is to be made."

[11] Sibbach v. Wilson & Co., Inc., 7 Cir., 108 F.2d 415, certiorari granted 60 S.Ct. 809, 84 L.Ed. 1001.

[12] 48 Stat. 1064, U.S.C., Tit. 28, § 723b, 28 U.S.C.A. § 723b.

[13] Cf. Countee v. United States, 7 Cir., 112 F.2d 447.

[14] Including N.Y.Civil Practice Act, § 306.

[15] Examination of an injured plaintiff's blood has been held to be within a statute authorizing physical examination. Hayt v. Brewster, Gordon & Company, Inc., 199 App.Div. 68, 191 N.Y.S. 176.

[16] A suit may be against the United States, and therefore not maintainable unless the United States has consented to be sued, although the nominal defendants are individuals. Louisiana v. Mc-

"The general rule that the interest of parties not before the court will not be bound by the decree is subject to the exception of the case, where a party, though not before the court in person, is so far represented by others that his interest receives actual and efficient protection."[17] No conflict of interest between mother and child appears here; the interests of both alike require that filiation be established and maintenance obtained. She sues under Tit. 14, § 75 of the District Code, which provides that "Whenever any husband shall fail or refuse to maintain his wife and minor children, if any, although able so to do, the court, on application of the wife, may decree that he shall pay her * * * sums * * * for the maintenance of herself and the minor children." This authorizes suit not merely for the wife's benefit, but for the child's. Socially, he is a most important party. We recently held, in a suit brought by a wife, that her child's claim for maintenance was not subsidiary to her own, and we required the husband to support the child though not the wife *pendente lite*.[18] There is clear evidence in the Rules of Civil Procedure themselves that the word party, as used therein, covers a person in this child's position. Rule 17(a) provides that "a party authorized by statute may sue in his own name without joining with him the *party*[19] for whose benefit the action is brought."

Appellee offers his denial of paternity in support of his demand for blood tests. He thereby asserts, by necessary implication, that the blood groupings of appellant and her child. are or may be inconsistent with his paternity. Appellant, on the other hand, asserts appellee's paternity and thereby denies, by necessary implication, that the blood groupings in question are or may be inconsistent with it. As this conflict underlies the issue of paternity, we think the groupings are "in controversy" within the meaning of Rule 35(a).[20]

Our construction of Rule 35(a) is aided by the deference we owe to the views of the District Court, and by the direction in Rule 1 to construe the rules so as to secure a just result. If the child is appellee's, the tests will prove nothing and harm no one. If the child is not his, it would be unjust to prevent him from proving the fact. The historic restrictions on testimony to "non-access" are an added reason for admitting this evidence, which is independent of access.

Affirmed.

STEPHENS, Associate Justice.

I agree with the view that one who, as a ground for relief sought, asserts paternity and is met with denial thereof, ought, as a condition of the right to relief, to be required to submit to such scientifically accredited tests as are likely to throw light upon the issue of paternity. But I think that so long as Union Pacific R. Co. v. Botsford, 1891, 141 U.S. 250, 11 S.Ct. 1000, 35 L.Ed. 734, stands unmodified, either by decision of the Supreme Court or by valid statute or rule, it compels a result opposite to that reached by the majority. In the case mentioned it was held, as I read the case, that to compel a party to a civil suit to submit to a physical examination constitutes an invasion of a substantive right. In quoting from Judge Cooley to the effect that "The right to one's per-

Adoo, 234 U.S. 627, 34 S.Ct. 938, 58 L. Ed. 1506. Conversely, the "real parties" plaintiff may be private persons, who are barred by a statute of limitations, though the nominal plaintiff is the United States. United States v. Beebe, 127 U.S. 338, 347, 8 S.Ct. 1083, 32 L.Ed. 121. Although a child to be adopted is not formally a party to adoption proceedings, this court has held that he is a party in substance, by holding that some one capable of representing him must be brought into the proceedings. Barnes v. Paanakker, March 11, 1940, — App. D.C. —, 111 F.2d 193. Within the meaning of a statute disqualifying judges who are related to "either party," parties have been held to include a person who, though not a party to the record, is financially interested in the suit. Rob-

erts v. Roberts, 115 Ga. 259, 41 S.E. 616, 90 Am.St.Rep. 108. Such a person, if he is privileged to take part in the suit, may even be within the rule that all parties are concluded by the judgment, though he actually takes no part. Robbins v. Chicago, 71 U.S. 657, 4 Wall. 657, 18 L.Ed. 427.

[17] Easton v. Hall, 323 Ill. 397, 154 N. E. 216, 225.

[18] Howard v. Howard, April 29, 1940, — App.D.C. —, 112 F.2d 44.

[19] Italics supplied.

[20] Wadlow v. Humberd, D.C., 27 F. Supp. 210, which would restrict the application of Rule 35 (a) to cases in which mental or physical condition is "immediately and directly" in controversy, seems to us erroneous.

son may be said to be a right of complete immunity: to be let alone," [1] and in other expressions in its opinion, the Court, I think, made clear that its ruling was upon the ground that a substantive right was involved. I am aware that in Camden & Suburban R. Co. v. Stetson, 1900, 177 U.S. 172, 20 S.Ct. 617, 44 L.Ed. 721, the power of a Federal court to compel submission to a physical examination was upheld by the Supreme Court. But that case was rested squarely and expressly upon the propositions that a state statute in New Jersey authorized subjection to physical examination, and that that statute was made applicable in the Federal courts by Section 721 of the Revised Statutes of 1878, 28 U.S. C.A. § 725.[2]

Rule 35 of the Rules of Civil Procedure for the District Courts of the United States has, of course, if valid, the force of a statute. But, unlike the New Jersey statute which was the foundation of Camden & Suburban R. Co. v. Stetson, Rule 35 is subject to the limitation that it cannot "abridge" the substantive rights of a litigant. See the enabling Act of June 19, 1934, c. 651, § 1, 48 Stat. 1064, 28 U.S.C.A. § 723b (Supp.1939). Since Union Pacific R. Co. v. Botsford has declared that subjection to physical examination violates a substantive right, it seems to me necessarily to follow that Rule 35 transcends the limitation of the enabling act. With the view expressed in Sibbach v. Wilson & Co., 7 Cir., 1939, 108 F.2d 415, certiorari granted, April 8, 1940, 60 S.Ct. 809, 84 L.Ed.

1001—that Rule 35 is necessarily valid because adopted by the Supreme Court and because Congress took no affirmative action against it when, pursuant to the requirements of the enabling act, the Rules as a whole were submitted to Congress—I cannot agree. The blanket approval of the Rules by Congress, in taking no positive action against them, has persuasive value, but I think it cannot be said to put at rest all questions raised in the courts as to whether particular Rules abridge substantive rights. Neither can I agree that the action of the Supreme Court in promulgating the Rules ends all such questions for the inferior Federal courts. Again, the action of the Supreme Court seems to me persuasive but not conclusive. "To hold that the Supreme Court, by adopting the New Federal Rules, has conclusively determined their validity so as to bind the lower federal tribunals, would in effect be tantamount to declaring that the Supreme Court had rendered an advisory opinion in the absence of a case or controversy, a function which the court has consistently refused to perform." Note (1940) 26 Virginia L. Rev. 823.

I am aware of the statement in the Notes to the Rules [3] to the effect that Rule 35 constitutes an authority comparable to the statute of New Jersey upon which the ruling in Camden & Suburban R. Co. v. Stetson was founded. But this statement seems to me not to take account of the fact that the New Jersey statute was not subject to the limitation, in respect of

---

[1] 141 U.S. at page 251, 11 S.Ct. at page 1001, 35 L.Ed. 734.

[2] The Court there said: "We do not dispute that if there were no law of the United States which, in connection with the state law, could be referred to as in effect providing for the exercise of the power, the court could not grant the order under the decision in the case of Botsford. But we say there is a law of the United States [the reference is to Section 721 of the Revised Statutes of 1878, 28 U.S.C.A. § 725] which does apply the laws of the State where the United States court sits, and where the State has a law which provides for the making of an order for the examination of the person of a plaintiff in a case like this, the law of the United States applies that law to cases of such a nature on trial in Federal courts sitting in that State. In the Botsford case there was no state law, and consequently no foundation for the application of the law of the

United States." 177 U.S. at page 175, 20 S.Ct. at page 619, 44 L.Ed. 721.

[3] The statement in full is: "In Union Pacific R. Co. v. Botsford, 141 U.S. 250 [11 S.Ct. 1000, 35 L.Ed. 734 (1891),], it was held that the court could not order the physical examination of a party in the absence of statutory authority. But in Camden & Suburban R. Co. v. Stetson, 177 U.S. 172 [20 S.Ct. 617, 44 L.Ed. 721] (1900) where there was statutory authority for such examination, derived from a state statute made operative by the conformity act, the practice was sustained. Such authority is now found in the present rule made operative by the Act of June 19, 1934, c. 651, U.S.C., Title 28, §§ 723b (Rules in actions at law; Supreme Court authorized to make) and 723c (Union of equity and action at law rules; power of Supreme Court)." (1939) Fed.Rules Civ.Proc., Note to Rule 35, p. 250.

abridgment of substantive rights, to which the Rules are made subject by the enabling act. Moreover, the Notes to the Rules again have but persuasive, rather than conclusive, value.

In short, I think that so long as Union Pacific R. Co. v. Botsford stands Rule 35 must be held to be invalid. The action of the Supreme Court in adopting the Rule and the non-action of Congress against it and the expression of the view of the rule makers in the Notes seem to me insufficient to over-ride a judicial decision by the Supreme Court.