**LUE CHOW KON; and Lue Don Wing as Parent and Natural Guardian of Lue Chow Lon and Lue Chow Yee, Plaintiffs-Appellants,**

v.

**Herbert BROWNELL, as Attorney General of the United States, Defendant-Appellee.**

Nos. 227–229, Dockets 23353-23355.

United States Court of Appeals,
Second Circuit.

Argued Feb. 9, 1955.

Decided March 10, 1955.

1.  45 U.S.C. § 1 et seq.

Haskell R. Barst, New York City (Edward L. Dubroff, Brooklyn, N. Y., of counsel), for plaintiffs-appellants.

J. Edward Lumbard, U. S. Atty., New York City (Matthew A. Campbell, and Harold J. Raby, Asst. U. S. Attys., New York City, of counsel), for defendant-appellee.

Before CLARK, Chief Judge, HINCKS, Circuit Judge, and SMITH, District Judge.

SMITH, District Judge.

These are appeals from dismissal of declaratory judgment actions brought on behalf of three claimed sons of an American citizen under Section 503 of the Nationality Act of 1940, 8 U.S.C. § 903, now 8 U.S.C. § 1503.

Judge I. R. Kaufman held that appellants' testimony was not credible and that they had failed to sustain the burden of proof. D.C.S.D.N.Y., 122 F.Supp. 370.

Since the testimony of witnesses in open court before the trier was contradictory and held not credible by him, we cannot hold that the finding that they had failed to sustain the burden of proof was clearly erroneous. Fed.Rules Civ. Proc. rule 52(a), 28 U.S.C.A.

It is true that the opinion below cites with approval Judge Goodman's decision, that clear and convincing evidence is necessary to establish paternity in these Chinese children cases, reported in Ly Shew v. Acheson, D.C.N.D.Cal., 110

F.Supp. 50, 57, which was reversed by the Ninth Circuit in an opinion vigorously repudiating that doctrine. Ly Shew v. Dulles, 219 F.2d 413.

■ The test actually applied by Judge Kaufman here, however, was the correct test, proof by a fair preponderance of the evidence, and on his appraisal of the oral testimony alone he was justified in holding that the appellants had failed to sustain the burden.

This would be sufficient to uphold the judgment here. There was in addition, however, affirmative evidence on behalf of the defendant in testimony of an expert on the basis of blood grouping tests, that Lue Chow Kon could not be a son of Lue Don Wing, the claimed father, an American citizen, and that if all three appellants were brothers, as they had testified, Lue Don Wing could not be father of any of the three.

This evidence, if admissible, is an additional ground supporting the judgment.

Appellants contend that Judge Kaufman erroneously held that the tests were conclusive, and that under a proper interpretation of New York law they were not even admissible in evidence.

■ Of course, if admissible under New York law they would be admissible in a federal trial court sitting in New York under Rule 43(a), F.R.C.P.[1]

Under New York Civil Practice Act, § 306(a),[2] such tests are admissible if they prove non-paternity. Appellants claim that the use of the tests under the statute is limited in the New York Courts to those taken at the instance of the male putative parent. Most, and perhaps all the cases in the state courts arise on offer of the tests by the male, since in the usual matrimonial or bastardy case it is solely in the interest of the male putative parent to prove non-paternity.

■ The statutory limitation, however, is not to the male, or any particular party who may use the evidence, but rather to the purpose of its use, to prove non-paternity which here is in support of the position of the Attorney General, not the claimed male parent.

■ Alternatively, the evidence was admissible under Rule 35, F.R.C.P., Beach v. Beach, 72 App.D.C. 318, 114 F. 2d 479, 131 A.L.R. 804, and see Note of the Advisory Committee on Rules of Civil Procedure on Preliminary Draft of Proposed Amendments, May 1954, Rule 35.

■ It does not appear that Judge Kaufman held the tests in themselves to be conclusive, although he might properly have so held under New York law. Commissioner of Welfare of City of New York ex rel. Tyler v. Costonie, App.Div. 1st, 97 N.Y.S.2d 804; Fowler v. Rizzuto, Sp.Sess., 121 N.Y.S.2d 666; and see 1 Wigmore, Evidence, Section 165(a).

■ Appellants also raise the question of constitutionality of application of

1. Rule 43(a) F.R.C.P. provides in part as follows: " * * * All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States Court is held. * * * "

2. Section 306–a of the New York Civil Practice Act is as follows: "Wherever it shall be relevant to the prosecution or defense of an action, or wherever it shall be relevant in any proceeding pending in a court of competent jurisdiction, the court, by order shall direct any party to the action or proceeding, and the child of any such party and the person involved in the controversy to submit to one or more blood grouping tests, the specimens for the purpose to be collected and the tests to be made by duly qualified physicians and under such restrictions and directions, as to the court or judge shall seem proper. Whenever such test is ordered and made, the results thereof shall be receivable in evidence only where definite exclusion is established. The order for such blood grouping tests may also direct that the testimony of such experts and of the persons so examined may be taken by deposition pursuant to this article."

the tests only to Chinese. They refer to no evidence that the tests were given only to Chinese. Even if that were established, it would not in itself show that the discrimination was based on race or color. The conditions in China during the period in question posed such great obstacles to investigation by ordinary means into family history and evidence of parentage that resort to the tests to aid in determination of parentage or nonparentage of persons from the area is an entirely reasonable requirement.

Affirmed.