YEE SZET FOO, Plaintiff,

v.

John Foster DULLES, as Secretary of State of the United States, Defendant.

LEE HOY, as parent and natural guardian of Lee Gene Y, Plaintiff,

v.

John Foster DULLES, as Secretary of State of the United States, Defendant.

JUNG MAI WONG, as parent and natural guardian of Jung Bock Woo, Plaintiff,

v.

John Foster DULLES, as Secretary of State of the United States, Defendant.

LEM HU LING, as parent and natural guardian of Lem Fee Ping, Plaintiff,

v.

John Foster DULLES, as Secretary of State of the United States, Defendant.

CHIN YUET PING, Chin Ank as guardian ad litem for Chin Gim Foo, Chin Gim Wing and Chin Mee Jing, Plaintiffs,

v.

John Foster DULLES, as Secretary of State of the United States of America, Defendant.

CHIN KEE GOCK and Chin Kee Git, Plaintiff,

v.

John Foster DULLES, Secretary of State, Defendant.

United States District Court
S. D. New York.
Oct. 11, 1955.

Lloyd F. MacMahon, U. S. Atty., New York City, Paul W. Williams, U. S. Atty., New York City, by Matthew A. Campbell, Leon Silverman, New York City, of counsel for defendant.

Haskell R. Barst, New York City, Atty. for all plaintiffs except Chin Kee Gock and Chin Kee Git.

Jackson G. Cook, New York City, Atty. for Chin Kee Gock and Chin Kee Git.

EDELSTEIN, District Judge.

In these six suits [1] for declaratory judgments that the plaintiffs are nationals of the United States the defendant has moved, under Rule 35(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A., and alternatively under Section 306–a of the New York Civil Practice Act, for orders directing that named individuals submit to blood grouping tests.[2] In addition to the plaintiffs, the individuals sought to be examined are alleged parents, brothers and sisters of the plaintiffs. In four of the cases, alleged parents serve as guardians ad litem.

Rule 35(a) of the Federal Rules authorizes the court to order physical examinations of parties, and a blood grouping test is reasonably classified as a physical examination. Beach v. Beach, 72 App.D.C. 318, 114 F.2d 479, 481, 131 A.L.R. 804. Nor is such an examination an unconstitutional discrimination against persons of the Chinese "race". Lue Chow Kon v. Brownell, 2 Cir., 220 F.2d 187; United States ex rel. Dong Wing Ott v. Shaughnessy, 2 Cir., 220 F. 2d 537. Accordingly, the motions will be granted requiring the blood grouping tests of the plaintiffs.

But Rule 35(a) does not contemplate the examination of persons not parties to the litigation. The term "party" as used in the rule must be liberally rather than technically interpreted, see Beach v. Beach, supra, 114 F.2d at pages 481–482; nevertheless, it is my opinion that the term cannot be stretched to cover the alleged parents, brothers and sisters of the actual parties in these cases. The situation involving an infant child of a party, as in the Beach case, is quite different. Even a guardian ad litem, while not subject to Rule 35, may, as an officer of the court, not be beyond the power of the court in the matter of a blood grouping test. Fong Sik Leung v. Dulles, 9 Cir., 226 F.2d 74, and concurring opinion of Judge Boldt. But parents, brothers and sisters are not parties in form or substance and are beyond the direct or indirect reach of the court. The refusal of a non-party brother to submit to an ordered examination could hardly bottom a dismissal or an inference unfavorable to the plaintiff.

Alternatively to his motions under Rule 35 of the Federal Rules, the defendant argues that, pursuant to Rule 13 of the local civil rules, which provides for procedure in the absence of a governing federal provision, Section 306–a of the New York Civil Practice Act may be applied to authorize the requested examinations of non-parties. I do not so read the section. It authorizes the court to "direct any party to the action * * * and the child of any such party and *the* person involved in the controversy" to submit to tests (emphasis added). I do not take this language to grant the court the startling if nebulous power to direct *any* person "involved in the controversy" to submit to examination, as the defendant apparently contends. On the contrary, it seems clear that the court's pow-

---

[1] Pursuant to the provisions of § 503 of the Nationality Act of 1940, 8 U.S.C. § 903 (repealed by the Immigration and Nationality Act of 1952). [1952 Revision 8 U.S.C.A. § 1503].

[2] Inaccurately described to be for the purpose of determining the existence of claimed paternity.

er to direct blood grouping tests is limited to orders upon (1) a party in the action and (2) a child of such party and the person involved in the controversy. This classification would cover a situation like that in the Beach case, supra, where the child of a party and the person involved in the controversy (the putative father) was held to be a party within the meaning of Rule 35(a) of the Federal Rules, though not a party in form. But the parents, brothers and sisters of the plaintiffs in these cases are equally outside the scope of Rule 35(a) and Section 306-a of the New York Civil Practice Act.

The motions to compel the tests for such persons is accordingly denied. Inasmuch as the plaintiffs object to the doctor designated to conduct the tests which will be allowed, the parties may settle orders providing for another doctor, or doctors, and in the absence of agreement, designation will be made by the court.

The motions for the taking of the oral depositions of the plaintiff will be granted.