**JEW JOCK KOON and Jew Yim Kwan, by their next friend, Jew Wing Sang, Plaintiffs,**

v.

**John Foster DULLES, as Secretary of State, Defendant.**

**Civ. A. No. 7203.**

United States District Court
S. D. Texas, Houston Division.
Dec. 2, 1955.

2. $1,030.

Charles F. Tucker, Houston, Tex., and Harold D. Kline, San Francisco, Cal., for plaintiffs.

Malcolm R. Wilkey, U. S. Atty., John D. Richardson and James E. Ross, Asst. U. S. Attys., Houston, Tex., for defendant.

INGRAHAM, District Judge.

Jew Jock Koon (female) and Jew Yim Kwan (male), claiming to be sister and brother, filed their petition to establish their status as nationals of the United States on December 19, 1952, pursuant to the provisions of Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903,* then in effect. When the case came on for trial, female plaintiff, Jew Jock Koon, moved to dismiss her petition which the defendant resists. There was pending the motion of defendant to dismiss the petition of both plaintiffs for lack of jurisdiction, which was then urged by defendant. It was announced that both motions would be carried along with the case. Testimony was heard and considered and both sides rested.

█ Considering, first, the motion of Jew Jock Koon to dismiss; there being no counterclaim and no affirmative relief sought by defendant, the defendant pleading defensively only, the motion of Jew Jock Koon to dismiss will be granted and sustained.

█ Considering the motion of defendant to dismiss for lack of jurisdiction, as the motion pertains to the remaining defendant, Jew Yim Kwan, it appears that the Nationality Act of 1940 was in effect at the time suit was filed. (The effective date of repeal being December 24, 1952.) There is evidence in the record that the Department of State, in a communication of November 5, 1952, disapproved the application of Jew Yim Kwan for a passport on the ground that available evidence indicated that he was not the person he purported to be. The Court of Appeals for the Ninth Circuit holds in Dulles v. Lee Gnan Lung, 212 F.2d 73, that to state a claim upon which relief could be granted in such an action it was necessary to allege that the plaintiff had claimed a right or privilege as a national of the United States and had been denied such right or privilege by a Department or agency, or executive official thereof, upon the ground that he was not a national of the United States. It is my opinion that to deny an application for passport on the ground that the applicant was not the person he purported to be is a denial upon the ground that he was not a national of the United States. The effect of such a ruling is to rule that the applicant is not a United States national. It is my further opinion that the requirements of jurisdiction have been met and that defendant's motion to dismiss for lack of jurisdiction should be denied and overruled.

Considering the case of Jew Yim Kwan upon the merits, it appears that Jew Wing Sang (the claimed father), who is conceded to be a national of the United States, testified that he was in China from 1926 to 1939 and that on July 24, 1926, he there married, according to the customs of China, a Chinese woman named Jung Lai King. He testified that they had eight children, identifying each by name and date of birth.

* Immigration and Nationality Act, § 903, 8 U.S.C.A. § 1503.

That each of the eight children is the child of the mother, Jung Lai King, is assumed to be a known factor. The fact to be proved by plaintiff is that he is the child of Jew Wing Sang, the American national. Jew Wing Sang testified with positiveness and without doubt that each of the eight children is the child of himself and his said wife, and, to direct questions on cross-examination, he testified that Jew Jock Koon is his daughter and that Jew Yin Leong is his son.

■ We heard the testimony of Dr. Jack P. Abbott, a doctor of medicine with specialized qualifications certified by the American Board of Pathology in both anatomical and clinical pathology. Dr. Abbott testified at length relative to blood grouping tests and the conclusions which can and cannot be drawn from them. He testified that if the blood grouping of a claimed father is ascertained, and the blood grouping of a claimed mother is ascertained, and the blood grouping of a claimed child is ascertained, that it is possible to disprove that the claimed child could be the offspring of the claimed mother and father. Parenthood cannot be proved by the comparing of such blood grouping tests, but it can be disproved. To put it another way, by testing and ascertaining the blood group of the claimed mother, father and child, it can be concluded that the parenthood of the claimed mother and father is possible or that it is not possible. Such testimony is properly admissible under the decisions in the case of Lue Chow Kon v. Brownell, D.C.S.D.N.Y., 122 F.Supp. 370, and Lue Chow Kon v. Brownell, 2 Cir., 220 F.2d 187.

In evidence are the results of the blood grouping tests of the alleged mother Jung Lai King, the alleged father Jew Wing Sang, and each of the claimed eight children. Dr. Abbott testified, knowing the blood group of the alleged mother, alleged father, and the blood group of each of the claimed eight children, that as to six of said children, including the plaintiff Jew Yim Kwan, the parenthood of Jung Lai King and Jew Wing Sang is possible, and that as to the other two children, Jew Jock Koon and Jew Yim Leong, the parenthood of Jung Lai King and Jew Wing Sang is not possible.

■ Since Jew Wing Sang testified with equal positiveness that he is the father of Jew Jock Koon and Jew Yim Leong, it casts a doubt as to the conclusiveness of his testimony that he is the father of the plaintiff Jew Yim Kwan. This goes to the credibility and the weight of the testimony, and I conclude that the proof that plaintiff Jew Yim Kwan is the son of Jew Wing Sang is uncertain, inconclusive and insufficient and that, because of the inconclusive nature of the evidence, the plaintiff has failed to discharge his burden of proof.

Defendant will draft and submit findings of fact and conclusions of law and form of judgment consistent with this opinion.

Clerk will notify counsel.