[No. 35194. Department One. February 23, 1961.]

HELEN C. BEAGLE, *Respondent*, v. HARVEY L. BEAGLE, *Appellant.*[1]

*Thomas J. Isaac*, for appellant.

*Cartano, Botzer & Chapman* and *Robert A. O'Neill*, for respondent.

DONWORTH, J.—The parties to this action are respondent, Helen C. Beagle (whose present married name is Constantine), and appellant, Harvey L. Beagle. The action was

[1]Reported in 359 P. (2d) 808.

commenced by the filing of a petition by appellant to modify a California decree of divorce (which became final in 1951) dissolving the marriage of the two parties and awarding legal custody of their two sons to respondent. At the time of the hearing in the trial court, the ages of the boys were seventeen and twelve years, and both parents had remarried.

The pertinent facts as found by the trial court are not in dispute, and are summarized as follows:

The trial of the divorce suit, which resulted in an interlocutory decree of divorce, was held in the Superior Court for San Diego County, California, in December, 1950. Both parties resided there at that time, but the husband did not contest his wife's suit. This decree contained no provision for alimony or child support. In 1951, respondent moved to this state, temporarily leaving the boys with their father because she had a nervous breakdown.

As soon as she recovered, respondent brought the boys from California to live with her in this state. From that time until September, 1956, appellant did not see or contribute to the support of his sons. Respondent, during this period, worked to earn money for her support and that of the two boys. About the last mentioned date, respondent began a support action in San Diego under the Uniform Reciprocal Support Act. After a hearing, appellant started making payments of one hundred dollars per month.

About 1955 or 1956, respondent began having difficulty in handling the older boy and he was finally made a ward of the juvenile court. He was sent to the Luther Burbank School for Boys, where his conduct and general demeanor gradually improved.

In May, 1957, the custody of the older boy (Harvey Lynn Beagle, II) was temporarily given to appellant by the juvenile court, and the boy has remained in the physical custody of his father ever since. Nevertheless, *legal* custody of both children remained in respondent. This transfer of physical custody was apparently precipitated by the fact that Harvey (then aged 15) had become unmanageable. Under the circumstances, the juvenile court apparently

felt that the guidance and influence of the boy's father might help.

In June, 1958, appellant petitioned the superior court of the state of Washington for the establishment of the California divorce degree as a foreign judgment, and for the transfer to him of the legal custody and control of both Harvey, Jr., and his younger brother, Larry (then aged 12). Appellant's petition with respect to the custody of the younger boy was based upon his allegation that respondent had, in his words, become "emotionally unstable."

In her answer, respondent asked that the petition be denied and simultaneously cross-complained for past-due support payments.

After a hearing at which both parties testified, and after the trial judge had interviewed each boy separately in his chambers, the court denied appellant's petition, and gave judgment to respondent for one hundred fifty dollars past-due support payments. The former husband has appealed from the order denying his petition.

Respondent has moved to dismiss this appeal on the ground that it is sham and frivolous, and was taken solely to harass respondent. This motion is based on the affidavit of respondent's counsel. We have considered the averments of this affidavit and the other evidence bearing on respondent's motion, and we do not find that this appeal is sham and frivolous. The motion to dismiss the appeal is denied.

■ Appellant, in his brief, sets forth four assignments of error. The first two can be treated together, as they both relate to the court's denial of appellant's motion to compel respondent to submit to a mental examination pursuant to Rule of Pleading, Practice and Procedure 35(a), RCW Vol. 0. The motion was first denied (without prejudice) by the motion court, and later, when it was renewed, by the trial court.

Rule 35(a) reads as follows:

"In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending *may* order him to submit to a physical or mental examination by a physician. The order may be made only

on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." (Italics ours.)

The plain language contained in this rule makes it clear that the trial court exercises its discretion in deciding whether to grant or deny a motion to compel a physical or mental examination. The rule in question is the same as Federal Rule 35(a), adopted in 1939, 28 U. S. C. A. 107. As stated in the case of *The Italia,* 27 F. Supp. 785, with respect to Federal Rule 35(a):

"An examination of the Rule makes it readily apparent that it rests within the discretion of the Court whether a physical examination be granted. The Rule is phrased in terms of 'may', not 'must' and 'shall'. The comments of the Supreme Court Advisors confirm this interpretation that the Court exercises full discretion in regulating and controlling physical and mental examinations. . . ."

The court cited, in support of its above-quoted interpretation of the rule, Federal Rules of Civil Procedure and Proceedings of American Bar Association Institute (Cleveland) p. 289. See, also, *Bucher v. Krause,* 200 F. (2d) 576, certiorari denied 345 U. S. 997, 97 L. Ed. 1404, 73 S. Ct. 1141, rehearing denied 346 U. S. 842, 98 L. Ed. 363, 74 S. Ct. 17; *Coca-Cola Bottling Co. of Puerto Rico v. Negron Torres,* 255 F. (2d) 149 (1958). As appellant points to nothing in the record (other than the statement that the examination of the mother would have a bearing on the issue as to the custody of the younger boy) which would indicate that the court abused its discretion, and as we find nothing in the record to so indicate, the denial of appellant's motions by the motion court and by the trial court was correct.

■ In assignment of error No. 3, appellant contends that the trial court erred in limiting visitation privileges for the younger boy (Larry) with his father to only one day per month. (In point of fact, the decree of the trial court provides for visits one day every other week end and for

a period of one week during either July or August.) In this regard, the trial court found:

"That visitation of the younger boy, Larry Keith Beagle, with his father has been in the past disturbing to him. That such visitation should be of a limited nature and subject to further review by the court if it continues to be disturbing to him. . . ."

Since this finding is not set forth in appellant's brief, we cannot consider his third assignment wherein he attempts to have the visitation provisions regarding Larry modified on appeal. See *Bruce v. Bruce*, 48 Wn. (2d) 229, 292 P. (2d) 1060 (1956), and Rules on Appeal 42(a)(7) and 43, RCW Vol. 0.

Assignment of error No. 4, appellant's concluding assignment of error, concerns the judgment for one hundred fifty dollars for past-due support awarded by the trial court to respondent. This judgment is based on finding of fact No. 5, which is not set out in appellant's brief as required by Rules on Appeal 42 and 43, *supra*. We, therefore, must accept finding No. 5 as containing verities. Since this finding is adequate to support the one-hundred-fifty-dollar judgment against appellant, it must be affirmed.

The decree of the trial court is, therefore, in all respects affirmed.

This case has been before this court twice on preliminary matters (55 Wn. (2d) 174 and 908). On the latter occasion, we imposed terms of one hundred dollars attorney's fees upon appellant. In accordance with RCW 26.08-.190, we deem it proper to allow respondent two hundred fifty dollars attorney's fees in addition to the same amount allowed by the trial court.

It is so ordered.

MALLERY, WEAVER, OTT, and HUNTER, JJ., concur.

April 13, 1961. Petition for rehearing denied.