**Ara M. RACHAL, Appellant,**

v.

**Anthony Mark RACHAL, III, Appellee.**

**No. 13746.**

District of Columbia Court of Appeals.

Argued Jan. 3, 1979.

Decided March 25, 1980.

Mary Lee Garfield, Washington, D. C., for appellant.

Mark B. Sandground, Washington, D. C., for appellee.

Before NEWMAN, Chief Judge, and KELLY and MACK, Associate Judges.

KELLY, Associate Judge:

Appellant seeks summary reversal of a blood test order and an order holding her in contempt for failure to submit herself and her youngest child to the Human Leukocyte Antigen blood test (HLA). In the trial court, appellee sought a legal separation on the ground of adultery and a declaratory judgment that the child was not his son. After a blood grouping test failed to exclude appellee as the child's father, he successfully moved for an order requiring the parties and the child to take the HLA. When appellant failed to appear for the blood test, the trial judge held her in contempt. On appeal, appellant contends that the trial court erred in ordering the HLA without a showing of good cause, and that contempt was an improper sanction for her failure to submit to the test. Whether or not the trial judge erred in granting the request for additional blood tests, we agree that he exceeded his authority by holding appellant in contempt.[1]

On March 9, 1978, appellant and her son were ordered to appear at Johns Hopkins Medical School on March 16 for the HLA test. After she missed that appointment, the test was rescheduled. When she failed to appear again, appellee moved for an order adjudicating her in contempt. The test was rescheduled for April 20.

On June 2, after appellant failed to keep the April appointment, the court found her in contempt. The order withheld sanctions pending a further hearing to allow appellant to purge her contempt by appearing for the test on June 20. The contempt order also stayed disposition of the numerous motions appellant had filed in the action. One of these motions attempted to withdraw appellant's request for support for herself and her younger son, seeking thereby to remove the issue of her son's legitimacy from the separation proceedings. The motion was never acted upon.

Appellant did not appear for the June 20 test, and on August 9, after argument, she was again held in contempt. Appellee's counsel was directed to prepare a written order listing appropriate sanctions and to submit it to the judge for his signature. On August 11, appellant received a signed copy of an order awarding appellee $750 in damages and enjoining appellant from any further proceedings in the Domestic Rela-

1. We do not decide the propriety of admitting HLA test results into evidence.

tions Branch regarding divorce, separation, custody, visitation rights, or support. The court permanently struck all of appellant's pleadings, referred the matter of appellant's counsel's conduct to the Board on Professional Responsibility of this court, awarded permanent custody of the older child to appellee, and terminated all of appellant's rights to visit the older child. This court stayed part of the August 9 order pending appeal.

▉ While the August 9 order is not final in the sense of disposing of the case on the merits, *Lee v. Zentz*, D.C.Mun.App., 44 A.2d 872 (1945), that part of the order terminating appellant's rights to visit her older child irreparably harms both parent and child. The Supreme Court has held that the requirement of finality is to be given a "practical rather than a technical construction," *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949), and that "the most important [competing considerations] are 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950), *quoted in Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152–53, 85 S.Ct. 308, 311, 13 L.Ed.2d 199 (1964). In our view, a ruling on the contempt order at this stage in the proceedings is "fundamental to the further conduct of [this] case," *United States v. General Motors Corp.*, 323 U.S. 373, 377, 65 S.Ct. 357, 359, 89 L.Ed. 311

(1945), and is necessary to protect the children of the parties from further harm. Therefore, because of the unusual facts presented by this case, we proceed to consider the propriety of the trial court's order.

▉ In the trial court proceedings, appellant filed a complaint for custody and support of her two minor children. Appellee's answer denied that he had an obligation to support the younger son and placed the child's paternity in issue. When the physical condition of a party, or of a person in the custody or legal control of a party, is in controversy, the trial judge is authorized by Super.Ct.Dom.Rel.R. 35(a) [2] to order a party to submit to physical examinations. *See Beach v. Beach*, 72 App.D.C. 318, 114 F.2d 479 (1940); 4A Moore's Federal Practice ¶ 35.03 (1978). If the party fails to obey the court's order, the judge is further authorized by Super.Ct.Dom.Rel.R. 37 to impose certain sanctions on the recalcitrant party. The same rule, however, specifically precludes a judge from holding a party in contempt for failure to submit to a physical examination.[3] *See Sibbach v. Wilson Co.*, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941); 4A Moore's Federal Practice, *supra* at ¶ 35.05.

Since the August 9 order was in direct violation of the proscriptions of Super.Ct. Dom.Rel.R. 37(b)(2)(D), we grant summary reversal of the order.

▉ We emphasize, in conclusion, our disapproval of that part of the order awarding

---

**2.** Super.Ct.Dom.Rel.R. 35(a) provides:

> ORDER FOR EXAMINATION. When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

D.C.Code 1978 Supp., § 16–2343 also authorizes a trial judge to order blood tests. *Beck-*

*with v. Beckwith*, D.C.App., 355 A.2d 537 (1976). The trial judge did not purport to act pursuant to the authority of *Beckwith*, but the parties have agreed that appellant would be the § 16–2343 "respondent" for the purpose of objecting to the admissibility of the HLA results. Thus the test results may never be admitted into evidence.

**3.** Super.Ct.Dom.Rel.R. 37(b)(2)(D) states:

> In lieu of the foregoing orders or in addition thereto, [the court may issue] an order treating as a contempt of court the failure to obey any orders *except an order to submit to a physical or mental examination.* [Emphasis added.]

permanent custody and terminating appellant's visitation rights. The trial court's paramount duty is to act in the best interest of the child in these matters. *Bazemore v. Davis*, D.C.App., 394 A.2d 1377 (1978); *Dixon v. Dixon*, D.C.App., 190 A.2d 652, 654 (1963); *Knight v. Knight*, D.C.Mun.App., 134 A.2d 380, 381 (1957). Since there is no evidence in the record that the interests of the child were considered, we can only assume that the order was motivated by the desire to punish or coerce the mother. Such a clear abuse of discretion must be condemned.

*Reversed.*