Letrease M. SMITH, as next friend, natural mother and legal guardian of Terrel Lamar Peterson, a minor, Plaintiff,

v.

SERVICEMEN'S GROUP LIFE INSURANCE, Prudential Insurance Company of America, John J. Peterson, Jr., and Mrs. John J. Peterson, Jr., Defendants.

PRUDENTIAL INSURANCE COMPANY OF AMERICA, By and Through OFFICE OF SERVICEMEN'S GROUP LIFE INSURANCE, Third–Party Plaintiff Cross Claimant,

v.

John J. PETERSON, Jr. and Mrs. John J. Peterson, Jr. a/k/a Dorothy M. Peterson, Third–Party Defendants Cross Defendants.

Civ. No. H 88–43.

United States District Court, N.D. Indiana, Hammond Division.

Feb. 9, 1989.

Noah Lewis Holcomb, Jr., Gary, Ind., for plaintiff.

Fred M. Stults, III, Gary, Ind., for defendants Prudential and SGLI.

John P. Coleman, Chicago, Ill., for defendants Petersons.

## ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion for Order Requiring Blood Tests filed by the defendants, Servicemen's Group Life (SGLI) Insurance and Prudential Insurance Company of America on August 19, 1988. For the reasons set forth below, the Motion is GRANTED.

### Background

On October 13, 1986, John Erik Peterson died while he was a member of the United States Air Force, and on October 17, 1986, his parents, John J. Peterson, Jr. and Dorothy M. Peterson, applied for the proceeds of the insurance policy issued by Prudential through the office of Servicemen's Group Life Insurance (SGLI). The application indicated that John Erik died leaving no surviving children, including adopted and illegitimate, and that they were the proper beneficiaries. On February 20, 1987, Prudential and SGLI paid the proceeds in the amount of $50,361.50 to the Petersons.

On January 29, 1988, the plaintiff, Letrease M. Smith, filed a Complaint on behalf of her natural son, Terrel Lamar Peterson, claiming that Prudential and SGLI wrongfully paid the insurance proceeds to the Petersons and that the insurance proceeds should have been paid to Terrel Peterson, the minor son of John Erik. On March 7, 1988, Prudential filed an Amended Third–Party Complaint and/or Cross Claim against the Petersons alleging that the insurance proceeds were paid to the Petersons based upon their fraudulent representations that John Erik had no children, either natural, adopted, or illegitimate.

### Discussion

The Petersons are challenging Smith's contention that John Erik is the father of her minor son, Terrel Lamar Peterson. Prudential has requested an order requiring the Petersons, Smith, and Terrel to submit to a blood test conducted by Dr. Michael E. Caplis. Smith has not objected to the request, but the Petersons have filed an objection. This issue is controlled by Federal Rule of Civil Procedure 35(a) which provides:

> When the mental or physical condition *(including the blood group)* of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. (emphasis added)

Although the issue may have been subject to dispute at one time, the 1970 Amendment to Rule 35(a) specifically added the provision permitting blood tests. Given the clear wording of Rule 35(a), it is not surprising that there are no recent cases discussing that question. *See generally Beach v. Beach*, 114 F.2d 479, 780 (D.C.Cir. 1940); *Yee Szet Foo v. Dulles*, 18 F.R.D. 237, 239 (S.D.N.Y.1955); and Wright and Miller, *8 Federal Practice and Procedure*, Section 2235 at p. 680–81 (1970 Ed.).

The controlling issue in this case is whether John Erik was the father of Smith's illegitimate son Terrel. If he was the father, Terrel is entitled to the proceeds of the insurance policy. If he was not, the Petersons are entitled to the proceeds. Prudential clearly has demonstrated good cause for the blood tests.

---

For the foregoing reasons, the Motion for Order Requiring Blood Tests filed by

Prudential on August 19, 1988, is GRANTED. Letrease M. Smith, Terrel Lamar Peterson, John J. Peterson, Jr. and Dorothy M. Peterson are ORDERED to appear at the Great Lake Laboratories, 118 East 8th Street, Michigan City, Indiana, and to submit to any blood testing under the direction of Dr. Michael E. Caplis. It is further ORDERED that the parties shall appear on or before March 3, 1989, and that Prudential shall provide the parties with a copy of the report of Dr. Caplis on or before April 7, 1989.