[No. 14888-9-II.    Division Two.    March 16, 1993.]

T.R., ET AL, *Petitioners,* v. CORA PRIEST'S DAY CARE
CENTER, ET AL, *Respondents.*

*James E. Baker* and *Miracle, Pruzan & Pruzan*, for peti-
tioners.

*Michael K. Taylor* and *Murray, Dunham & Murray,* for
respondents.

PETRICH, J. — Minor children, through their guardian ad
litem, seek damages from a day-care center for sexual moles-

tation. Through the discovery process, facts developed suggesting the children's dysfunctional families may be the cause of their psychological or emotional problems. The day-care center sought an order under CR 35 to require that the plaintiffs' parents undergo psychological testing.[1] The Superior Court granted the request, but limited the examination to those areas affecting the mental condition of the children.[2] The minor children sought and were granted discretionary review of the trial court's decision.

The children argue that CR 35(a) does not apply to their parents because the parents were only nominal parties, and the parents' mental states are no longer in controversy. The day-care center claims that the parents are the real parties in interest by virtue of their claims for costs incurred for the children's counseling, thus bringing them within the scope of a "party" under CR 35; and that the order directing the examination was within the discretion of the trial court. We reverse the trial court.

■ Washington courts have not addressed the scope of persons subject to examination under CR 35(a). However, because Fed. R. Civ. P. 35(a) is substantially similar to Washington's rule, this court may consider the federal courts' interpretation of the rule. *Beagle v. Beagle*, 57 Wn.2d 753, 756, 359 P.2d 808 (1961); *In re Green*, 14 Wn. App. 939, 942, 546 P.2d 1230 (1976).

■ When the trial court entered the written order, the parents were no longer parties to the lawsuit, their claims

---

[1] CR 35(a) provides in relevant part:

"When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown . . .".

[2] Although the plaintiffs' parents initially were parties to this suit in their individual and representative capacities, they had been dismissed by the time the trial court ordered plaintiffs' parents to undergo psychological tests. The children through their guardian ad litem are the remaining plaintiffs.

having been voluntarily dismissed. CR 35 provides that a party to an action, or one under the control or custody of a party, submit to physical or mental examination for good cause shown, as determined by the trial court. No case has extended CR 35(a) to allow examination of a party's parents. On the contrary, several federal cases have expressly declined to extend CR 35 to nonparties. *Dulles v. Quan Yoke Fong*, 237 F.2d 496 (9th Cir. 1956) (examinations under Fed. R. Civ. P. 35(a) limited to parties to the action, and did not include the party's parents); *Yee Szet Foo v. Dulles*, 18 F.R.D. 237 (S.D.N.Y. 1955); *Fong Sik Leung v. Dulles*, 226 F.2d 74 (9th Cir. 1955); *Scharf v. United States Attorney Gen.*, 597 F.2d 1240 (9th Cir. 1979) (Fed. R. Civ. P. 35 did not extend to compel blood tests of plaintiff's parents).

The day-care center contends that CR 35(a) extends to the parents as "real parties in interest". They rely on *Schlagenhauf v. Holder*, 379 U.S. 104, 115 n.12, 13 L. Ed. 2d 152, 85 S. Ct. 234, 241 (1964), and *Beach v. Beach*, 114 F.2d 479 (D.C. Cir. 1940). These cases do not authorize the result the day-care center seeks.

In *Beach*, the wife sued the husband for maintenance, alleging that she was pregnant by him. The husband denied paternity and counterclaimed for divorce. The United States Court of Appeals for the District of Columbia affirmed the district court's order that the mother and child undergo blood tests for analysis with the husband's blood tests. The appellate court ruled that the child was a party for the purposes of Fed. R. Civ. P. 35(a), because the child, "though not before the court in person, is so far represented by others that his interest receives actual and efficient protection." *Beach*, 114 F.2d at 482 (quoting *Easton v. Hall*, 323 Ill. 397, 424, 154 N.E. 216, 225 (1926)).

*Beach* is inapplicable. First, Fed. R. Civ. P. 35(a) was amended after *Beach* was decided to include as a party "a person in the custody or under the legal control of a party". Thus, the rule now covers the situation presented in *Beach*. Moreover, the amended rule does not, by its terms, apply to

a parent of a party-minor, as the parent is not in the minor's control or custody, as was the case in *Beach*.

*Schlagenhauf* does not favor the day-care center either. *Schlagenhauf*, relying on *Beach*, expressly declined "to determine what extent, if any, the term 'party' includes one who is a 'real party in interest' although not a named party to the action." *Schlagenhauf*, 379 U.S. 115 n.12 (citing *Beach*).

■ Next, Cora Priest's Day Care asserts that the application of CR 35(a) to the parents was a matter of judicial discretion. When reviewing a trial court's application of CR 35(a) to a particular person, the question is whether the court has jurisdiction over the subject matter of the procedure under the rule. *Fong Sik Leung*, 226 F.2d at 78. The trial court has a discretionary right to order the examinations insofar as the order relates to time, place, manner, cost, who may be present and the like. *Acosta v. Tenneco Oil Co.*, 913 F.2d 205 (5th Cir. 1990). The trial court does not have discretion in the exercise of its jurisdictional powers over the person. The entry of an order commanding individuals who are not parties to a suit is not a matter of judicial discretion, but rather an invalid exercise of the court's jurisdiction.

Under CR 35(a), a trial court cannot compel the nonparty parent of a party to undergo a mental or physical examination.

We reverse.

ALEXANDER, C.J., and MORGAN, J., concur.