LEE WING GET, as father and next friend of Lee Sik Quen and Lee Suey Ngor, both minors, and Lee Sik Quen and Lee Suey Ngor, Plaintiffs,

v.

John Foster DULLES, as Secretary of State of the United States of America, Defendant.

Civ. A. No. 12564.

United States District Court
E. D. New York.

Dec. 20, 1955.

416

James G. Thomas, New York City, for plaintiffs.

Leonard P. Moore, U. S. Atty. for Eastern Dist. of New York, New York City, by Margaret E. Millus, Ass't U. S. Atty., Brooklyn, for defendant.

BYERS, District Judge.

Here a declaratory judgment is sought to the effect that Lee Sik Quen and Lee Suey Ngor, minors, are citizens of the United States.

The defendant seeks an order granting blood tests of

(a) Each of the plaintiffs;

(b) Wong Lun Ioy, said to be the mother of the two minor plaintiffs;

(c) Three persons described in the notice of motion as "the alleged brothers" of the minor plaintiffs.

As to (a), the motion is not opposed and is therefore granted as to Lee Wing Get, Lee Sik Quen and Lee Suey Ngor.

Concerning (b), the complaint alleges the marriage of Lee Wing Get to Wong Lun Ioy on January 13, 1917 in China, and the birth on November 25, 1932 of Lee Sik Quen, and on April 3, 1934 of Lee Suey Ngor, as lawful issue of the said marriage.

As to (c), there is no reference in the complaint to the three alleged brothers who are named, and so far as this record is concerned the basis for the allegation is undisclosed that they are such of the two minor plaintiffs.

The power of the court to direct that blood tests be taken of the three alleged brothers has not been established. It is clear from United States ex rel. Ott v. Shaughnessy, 2 Cir., 220 F. 2d 537, that blood test evidence in cases involving an assertion of citizenship is now sanctioned, pursuant to the provisions of the New York Civil Practice Act, § 306–a; also Rule 35, Fed.Rules Civ.Proc. 28 U.S.C.A. The presently material portion of the former reads:

"*Blood grouping tests.*

"Wherever it shall be relevant to the prosecution or defense of an action, or wherever it shall be relevant in any proceeding pending in a court of record, the court, by order, shall direct any party to the action or proceeding, and the child of any

such party and the person involved in the controversy to submit to one or more blood grouping tests * *. Whenever such test is ordered and made, the results thereof shall be receivable in evidence only where definite exclusion is established. * * "

■ The blood tests of the three named "alleged" brothers is not seen to be relevant to the question of the paternity of these minor plaintiffs. If such tests were to be made, the result might establish exclusion as to one or more of those three, without touching the genetic status of the minor plaintiffs. In agreement with the decision of Judge Edelstein in Yee Syet Foo v. Dulles, D.C.S.D. N.Y., 18 F.R.D. 237, the motion will be denied as to the alleged brothers.

■ The problem as to the mother is not free from difficulty; she is not a party to the action, but the minor children are said to be children of Lee Wing Get, and it may well be that they are not only his children but those of a person "involved in the controversy" in this sense: Their father has put in issue not only the paternity but also the maternity of the minor plaintiffs, and thereby constituted their mother a "person involved in the controversy."

If the proof should demonstrate the paternity alleged but not the maternity, it would seem that the plaintiff Lee Wing Get had failed to sustain his burden of proof, and it is therefore not perceived that to exact of him such evidence as may result from administering a blood test to the person said to be the mother of the minor plaintiffs, would unduly extend or distort the provisions quoted from Section 306–a of the Civil Practice Act.

As to (b) above—the mother—the motion is granted.

■ The motion also seeks an order pursuant to Rule 26, Fed.Rules Civ. Proc., granting leave to the defendant to take oral depositions as therein specified, and it will be granted as to Lee Wing Get, Lee Sik Quen and Lee Suey Ngor, and also Wong Lun Ioy, said to be the mother of the minor plaintiffs. The motion to take the depositions of the alleged brothers is denied.

Settle order.