In re LETTER ROGATORY FROM the LOCAL COURT OF LUDWIGSBURG, FEDERAL REPUBLIC OF GERMANY, IN the MATTER OF Antone SMITH.

No. 93 C 20168.

United States District Court, N.D. Illinois, W.D.

April 7, 1994.

---

Scott Verseman, U.S. Attorney's Office, Rockford, IL, for plaintiff.

John M. Nelson, Rockford, IL, for defendant and Antone Smith, pro se.

## MEMORANDUM OPINION AND ORDER

MAHONEY, United States Magistrate Judge.

Before the court are two motions regarding a letter rogatory request issued by the Local Court of Ludwigsburg, Germany. The letter rogatory seeks judicial assistance from the United States in obtaining a blood sample from a United States citizen, one Antone Smith. The United States has filed a Motion For An Order Requiring A Blood Sample and Mr. Smith has filed a Motion To Dismiss this action. For the reasons set forth within this opinion, the Motion To Dismiss is hereby DENIED and the Motion Requiring A Blood Sample is GRANTED.

### BACKGROUND

This letter rogatory request for judicial assistance arises from a paternity action pending in the Local Court of Ludwigsburg, Germany. In that action, a woman by the name of Karin Harper has claimed that Antone Smith is the father of her daughter, Sabrina Harper. The Ludwigsburg Court seeks blood sample evidence from Smith in order to determine whether he is, in fact, the father of Sabrina Harper.

Smith applied for and was appointed counsel to represent him before this court.

### DISCUSSION

Smith challenges the subject matter jurisdiction of this court. Smith bases his argument regarding subject matter jurisdiction on *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir.1968). However, *Buechold* is both factually and legally inapposite to the case at bar. *Buechold* involved two paternity actions, filed in the U.S. District Court. The plaintiffs were citizens of Germany. The two suits sought to establish paternity and to order child support. The plaintiffs claimed that the Treaty of Friendship, Commerce and Navigation afforded the district court subject matter jurisdiction over their paternity suits. The district court dismissed the actions for lack of jurisdiction. The Ninth Circuit Court of Appeals affirmed the dismissal. The Ninth Circuit concluded that the Treaty of Friendship does permit aliens to bring legitimate legal actions in an appropriate U.S. court. However, paternity is not within the limited jurisdiction of a U.S. district court. *State of Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489 (1930). Therefore, the district court was not an appropriate court.

The case at bar presents no issues of paternity to be decided by this court. The only issue presented by the letter rogatory is whether the court should order Antone Smith to provide the blood sample evidence requested by the Ludwigsburg Local Court.

Article III, section 2 of the United States Constitution states: "The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made under their authority...." U.S. Const. Art. III, § 2. Congress has conferred original jurisdiction of matters arising under federal treaties to the United States District Courts. 28 U.S.C. § 1331.

The letter rogatory request of the Ludwigsburg Local Court is made pursuant to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 UST 2555, TIAS 7444, a treaty of the United States duly ratified by Congress. The convention is a multi-national treaty that was signed by representatives of the Federal Republic of Germany and the United States of

America on April 17, 1970. Article I of this convention specifically authorizes a judicial authority in a contracting state to request that another contracting state obtain evidence for use in a judicial proceeding.

A Motion For An Order Requiring A Blood Sample is made pursuant to Title 28 U.S.C. § 1782. Section 1782 authorizes federal district courts to render assistance to foreign tribunals. Under this statute a district court may order a person to provide evidence for use in a foreign court. The statute reads as follows:

> § 1782 *Assistance to foreign and international tribunals and to litigants before such tribunals*
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.
>
> (b) This chapter does not preclude a person within the United States from voluntarily giving his testimony or statement, or producing a document or other thing, for use in a proceeding in a foreign or international tribunal before any person and in any manner acceptable to him.

The history of Section 1782 reveals Congress' intent to strengthen the power of district courts to respond to requests for international assistance. *In re Letters Rogatory from the Tokyo District, Tokyo, Japan,* 539 F.2d 1216, 1218 (9th Cir.1976). With the passage of this statute, Congress has attempted to stimulate reciprocity. *John Deere Ltd. v. Sperry Corp.,* 754 F.2d 132, 135 (3rd Cir.1985).

On June 30, 1993, the United States of America filed an application for an order pursuant to 28 U.S.C. § 1782. The application was based upon the letter rogatory request issued by the Local Court of Ludwigsburg, Germany. The United States' application requested that the district court appoint a United States Magistrate Judge to act as a commissioner for purposes of rendering judicial assistance in this letter rogatory request. On July 6, 1993, United States District Court Judge Philip G. Reinhard granted the United States' motion and appointed United States Magistrate Judge P. Michael Mahoney as a commissioner to preside over this matter.

■ This court has subject matter jurisdiction over this matter because it requires an interpretation of a treaty of the United States, specifically, the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 UST 2555, TIAS 7444. Further, Congress has expressly authorized federal district courts to consider foreign letter rogatory requests. *See,* Title 28 U.S.C. 1782, *supra.* The court has personal jurisdiction in this case because Mr. Antone Smith is a resident of the Northern District of Illinois. Thus, pursuant to the above specified treaty and statute, the United States District Court for the Northern District of Illinois has original jurisdiction to consider this letter rogatory request. Smith's argument regarding the court's subject matter jurisdiction is frivolous.

■ Smith next contends that basing the request for a blood sample on the Convention is an attempt to give the citizens of Germany greater rights than citizens of the United

States. Basing a request for blood sample evidence on the Treaty does allow alien citizens greater access to the federal court system. A U.S. citizen would not be able to seek the judicial assistance of a federal court for the purpose of acquiring a blood sample in order to prove paternity. The Treaty obligates federal judicial assistance, notwithstanding the knowledge of the Treaty's ratifiers that other nation's legal systems provide differing levels of protection. *Cf. In re Kasper–Ansermet,* 132 F.R.D. 622 (D.N.J.1990). Congress has seen fit to grant original jurisdiction of letter rogatory requests to the federal district courts. Greater access to the federal courts by alien citizens was contemplated and approved by Congress by their ratification of the Treaty and passage of § 1782. Smith's second argument has no merit.

■ Citing Article 9 of the Convention, Smith contends that, where the foreign request for judicial assistance is incompatible with the internal law of the State to whom the request was made, the request should be denied. Smith has misinterpreted article 9 of the Convention. Article 9, in pertinent part, suggests the following:

The judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed.

However, it will follow a request of the requesting authority that a special method or procedure be followed, unless this is incompatible with the internal law of the State of execution or is impossible of performance by reason of its internal practice and procedure or by reason of practical difficulties.

Article 9, Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 UST 2555, 2561.

Article 9 addresses the methods and procedures to be followed in acquiring the evidence requested. It has nothing to do with the substantive laws of the State to whom the request was made. Under Article 9, the Federal Rules of Civil Procedure govern the procedures to be used in acquiring the evidence requested. Rule 35 of The Federal Rules of Civil Procedure permits a physical examination, including a blood test, upon a showing of good cause. In the instant matter, good cause is shown since the blood test is relevant to the issue of paternity. *See, Smith v. Servicemens Group Life Insurance,* 124 F.R.D. 195 (N.D.Ind.1989); *Lee Wing Get v. Dulles,* 18 F.R.D. 415 (E.D.N.Y.1955).

■ Smith's next contention is that the Convention does not authorize or contemplate the physically intrusive taking of evidence, such as a blood test. The United States' Motion For An Order Requiring A Blood Sample is before this court pursuant to 28 U.S.C. § 1782. The legislative history of 28 U.S.C. § 1782 indicates that Congress intended the statute to be applied in cases where the evidentiary request goes beyond the traditional request for testimony.

Subsection (a) of proposed revised section 1782 makes clear that U.S. judicial assistance may be sought not only to compel testimony and statements but also to require the production of documents and other tangible evidence. It thus recognized that the need for obtaining tangible evidence may be as imperative as the need for obtaining oral evidence.

S.Rep. No. 1580, 88th Cong., 2nd Sess., *reprinted in,* 1964 U.S.Code Cong. & Admin.News 3782, 3788.

■ Further, a United States Magistrate Judge, acting as a commissioner pursuant to the Convention on the Taking of Evidence Abroad, has discretion to grant or deny a letter rogatory request for assistance in obtaining evidence. *In re Letter Of Request From the Boras District Court, Sweden, In the Matter of Edward Nevins,* 153 F.R.D. 31 (E.D.N.Y.1994); *In re letter rogatory request from the Local Court of Pforzheim, Division Av. Federal Republic of Germany,* 130 F.R.D. 363, 365–66 (W.D.Mich.1989) (involved letter rogatory request for blood sample evidence to be used in a German paternity action against a former U.S. serviceman); *cf. Lo Ka Chun v. Lo To,* 858 F.2d 1564 (11th Cir.1988); *In re Letters Rogatory, from Tokyo Dist., Tokyo, Japan,* 539 F.2d 1216 (9th Cir.1976).

Finally, Smith last contends that Article 11 of the Convention authorizes him to refuse to give evidence insofar as he is privileged to do so. Article 11, in pertinent part is as follows:

In the execution of a Letter Request the person concerned may refuse to give evidence in so far as he has a privilege or duty to refuse to give the evidence:

(a) under the law of the State of execution; or

(b) under the law of the State of Origin, and the privilege or duty has been specified in the Letter, or, at the instance of the requested authority, has been otherwise confirmed to that authority by the requesting authority.

Article 11, Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 UST 2555, 2562.

Article 11 contemplates legally recognized privileges from either the foreign state of origin or the state of execution. This provision is intended to provide "for the recognition of all privileges to which the person may be entitled, including privileges recognized by foreign law." S.Rep. No. 1580, 88th Cong., 2d Sess. (1964), reprinted in 1964 U.S.C.C.A.N. 3782, 3790, quoted *In re Erato*, 2 F.3d 11, 14 (2nd Cir.1993).

Smith notes that German law contemplates a refusal to take a blood test. Smith suggests that because German law contemplates this refusal he is somehow privileged, pursuant to Article 11 of the Convention, from having to submit to a blood test. The court rejects this contention. The letter rogatory request suggests:

[I]t is pointed out that according to German law a refusal to have one's blood sample taken is admissible as evidence. Under corresponding circumstances the refusal of a defendant to have his blood sample taken can even be assessed as an attempt of the defendant to prevent the ascertainment of his paternity. In such a case, based upon the refusing behavior of the defendant, the Court can establish his paternity if not other sources of evidence are available.

Request for Mutual Judicial Assistance, Page 2, 9 C 2009/8 Ludwigsburg Local Court, Certified Translation, *In re: Letter Rogatory In The Matter of Antone Smith*, 93 C 20168 (N.D.Ill).

The reference to refusal found in the Letter Rogatory does not release one from the performance of a duty or obligation, or exempt one from a liability which he would otherwise be required to perform. It defines the consequences of refusing to submit to the blood test. Smith next notes that Chapter 750 ILCS 45/11 governs the taking of blood tests in the borders of the State of Illinois. However, the court fails to find the German law or the Illinois statute relevant to Article 11. Smith has not cited any privilege provided by the law of the state of execution, i.e. U.S. law, or the law of the state of origin, i.e. the German Federal Republic.

The only privileges or rights respondent could arguably invoke would be the privilege against self-incrimination and the right to be free from unreasonable searches and seizure guaranteed under federal and state law. Yet courts have long recognized that providing a blood sample would not violate these rights.

*In re Letter Of Request From the Boras District Court, Sweden, In the Matter of Edward Nevins*, 153 F.R.D. 31 (E.D.N.Y. 1994) (citations omitted).

In determining whether to grant a letter rogatory request, the court must balance the interests of the person from whom the evidence is requested with "the strong federal interest in harmonious foreign relations...." *In re Request for Judicial Assistance from the Seoul District Criminal Court, Seoul, Korea*, 428 F.Supp. 109, 114 (N.D.Cal.1977), aff'd, 555 F.2d 720 (9th Cir.1977).

The letter rogatory request shows that the German Court's request for judicial assistance was made only after an investigation of the claim that respondent fathered Sabrina Harper. According to the pertinent law of the Federal Republic of Germany, German citizens have to allow the taking of blood samples for the purpose of ascertaining paternity. German code of Civil Procedure §§ 372a and 386 through 390. Smith has not cited any authority which suggests that the

acquisition of this type of evidence is somehow contrary to the laws of Germany, the United States or the State of Illinois.

## CONCLUSION

After balancing the interests Mr. Smith and the United States, the court finds that the interest of the United States in having harmonious foreign relations with the Federal Republic of Germany outweighs the minor inconvenience to Mr. Antone Smith in having a blood sample taken.

The court hereby ORDERS and DIRECTS Mr. Antone Smith to make himself available within fifteen (15) days from the date of this Order, at a reasonable time and at a reasonable place, for a blood sample to be taken. Said reasonable time and place to be agreed upon by Mr. Smith and the Assistant United States Attorney assigned to this case.

It is further ORDERED that representatives of the United States Government appear at the agreed time and place; that Mr. Smith allow said representatives to take his fingerprints and photograph; and that Mr. Smith cooperate in the preparation of the necessary paper work to accompany the blood sample, fingerprints and photograph.

It is further ORDERED that the United States shall arrange for the aforesaid items to be packaged and shipped, by express airmail, to Professor Dr. H. Ritter, 72012 Tubingen, Postfach 2226.

It is further ORDERED that the United States bear all costs involved in the execution of this Order.