896 F.Supp. 624 (1995)
In re TRYGG-HANSA INSURANCE COMPANY, LIMITED.
Misc. A. No. 94-3739.
United States District Court, E.D. Louisiana.
August 21, 1995.
Robert Fenet, Woodley, Williams, Fenet, Boundreau & Brown, Lake Charles, LA, for plaintiff.
Francis J. Barry, Jr., Deutsch, Kerrigan & Stiles, New Orleans, LA, for Underwriters Marine Services, Ken Francis.
John Michael Kops, Kops, Lee, Futrell & Perles, New Orleans, LA, for Commercial Union Assur. Co. PLC.

ORDER AND REASONS
JONES, District Judge.
Pending before the Court is an "Objection to Ruling of Magistrate Judge" filed by Trygg-Hansa Insurance Company Limited. Having reviewed the memoranda of the parties, *625 the record and the applicable law, the Court DENIES the objection and AFFIRMS the ruling of the United States Magistrate Judge.

Background
In January 1990 Trygg-Hansa Insurance Company (hereinafter "Trygg-Hansa") allegedly agreed to re-insure Commercial Union Assurance Company PLC (hereinafter "Commercial Union") against losses suffered by Commercial Union arising from risks accepted under a binding authority issued to Underwriting Marine Services, Inc. (hereinafter "UMS").[1]
Allegedly, the presentation of the risks associated with the reinsurance agreement were presented to Trygg-Hansa by Leslie & Goodwin, Limited (hereinafter "Leslie & Goodwin"). During the negotiations Leslie & Goodwin allegedly presented Trygg-Hansa with a letter of understanding and a document entitled "Underwriters Marine Service Energy Facility Underwriting Philosophy," and, in agreeing to re-insure Commercial Union, allegedly relied on those documents. The reinsurance was renewed in October 1991 on the same terms and conditions.
In June 1992, an explosion occurred at an oil refinery insured by Commercial Union and allegedly reinsured by Trygg-Hansa.
"On information and belief," according to Trygg-Hansa's motion, the risk at the oil refinery which exploded had originally been presented to UMS for its determination whether to accept the risk, which UMS subsequently declined. (Paragraph 5, R.Doc. 8.) Allegedly, after the risk was declined by UMS, Leslie & Goodwin presented the risk to Commercial Union, which accepted the risk under an alleged endorsement to the UMS facility philosophy.
Following the explosion, Commercial Union made demand upon Trygg-Hansa, alleging that the-oil refinery risk was reinsured by Trygg-Hansa. Trygg-Hansa also was made a defendant in Commercial Court in England, and the parties have submitted the matter to arbitration.[2]
Through its "Motion to Conduct Discovery" Trygg-Hansa asks the Court to issue a subpoena to Mr. Ken Francis of UMS "to give testimony in the form of a deposition pursuant to Federal Rules of Civil Procedure Rule 26 et seq." (Prayer, R.Doc. 8.) Mr. Francis was allegedly the person at UMS who declined to accept the risk on the oil refinery that exploded.
Trygg-Hansa alleges that "the discovery sought to be conducted by movants is relevant to the pending proceedings with regard to whether the [oil refinery] risk is reinsured by Trygg-Hansa, and if so whether Commercial Union and/or Leslie & Goodwin failed to disclose information which would have affected acceptance of the risk by Trygg-Hansa." (Paragraph 11, R.Doc. 8.)
The United States Magistrate Judge denied defendant's motion, writing as follows:
The discovery requested is not obtainable or discoverable under the laws of the United Kingdom and is therefore disallowed under current Fifth Circuit precedent, In re Letter Rogatory from First Court of First Instance in Civil Matters, Caracas, Venezuela, 42 F.3d 308 (5th Cir.1995). See also, South Carolina Ins. Co. v. Assurante Maatschappa "De Zeven Provincien" N.V., (H.L. (E)) [1987] A.C. 24.
(R.Doc. 10.) The Magistrate Judge attached a copy of the House of Lords opinion to his ruling.
Also filed into the record was the Magistrate Judge's oral reasons for his ruling. He construed the Fifth Circuit case, In re Letter Rogatory, as requiring courts to look "at and avoid assisting a foreign litigant who desires to do something contrary to the foreign nation's discovery rules by diverting a discovery request in an American court and, ... that would violate the underlying principle *626 behind Section 1782." (R.Doc. 13 at p. 5.) The Magistrate Judge also cited and quoted from the South Carolina case extensively as the basis for his ruling that pre-trial discovery is not allowed under the rules of the High Court of England. (R.Doc. 13. at pp. 2-5.) As to the effect of "Rule 39," the Magistrate Judge found that Order 39 "was in affect [sic] at the time of this opinion in South Carolina and, again, the Court passed on that and said, no, you wouldn't be entitled to it against a non-party under the circumstances presented there." Id. at 5.
Trygg-Hansa makes two arguments in support of its objection to the Magistrate Judge's ruling. First, Trygg-Hansa argues that the Magistrate Judge improperly read a "discoverability requirement" into 28 U.S.C. § 1782. Second, even assuming there is such a requirement, the Magistrate Judge erred in not allowing Trygg-Hansa to "take evidence from Mr. Francis pursuant to Order 39 r. 2 of the rules of the High Court of England and Wales." (Trygg-Hansa's memorandum in support of objection, unnumbered p. 3, R.Doc. 10.)
In opposition, Mr. Francis argues that the Magistrate Judge correctly construed Fifth Circuit law and that Trygg-Hansa is not entitled to take discovery of Mr. Francis under applicable English law.

Law and Application
Because the matter was considered by the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), this Court reviews the Magistrate Judge's decision de novo. 28 U.S.C. § 636(b)(1). The Court construes the Magistrate Judge's written reasons, with the House of Lords opinion attached, and the transcript of his oral ruling as constituting proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).
Turning to the statute underlying the present controversy, 28 U.S.C. § 1782(a) states, in pertinent part:
The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon application of any interested person and may direct that the testimony or statement be given, or the document or other thing produced, before a person appointed by the court.... The order may prescribe the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
As noted, Trygg-Hansa first contends that the language in In Letter Rogatory relied on by the Magistrate Judge is dicta and that this Court should follow the Second Circuit decision of In re Application of Silvia Gianoli Aldunate, 3 F.3d 54 (1993).[3]
Notwithstanding the Aldunate decision, however, this Court is bound by the Fifth Circuit ruling in In re Letter Rogatory. The Court disagrees with Trygg-Hansa that the Fifth Circuit language at issue is dicta. Instead, the language at issue constitutes part of the rationale for the Fifth Circuit's decision.
The appellant in In re Letter Rogatory had argued that "before a letter rogatory is honored, a determination should be made as to whether the information requested would be discoverable under Venezuelan law." Id. at 310. The court of appeals found no such requirement under § 1782 when a letter rogatory is issued and stated:

*627 There is no discoverability requirement in the text of § 1782, and there is nothing in the law requiring or suggesting that American courts should examine the information requested by the letter rogatory to determine whether that information comports with the discovery rules of the requesting nation. However, courts in the United States have routinely undertaken a discoverability determination when the request for information comes from a private litigant. The reason for this is to avoid assisting a foreign litigant who desires to circumvent the forum nation's discovery rules by diverting a discovery request to an American court. The case law in this area is very clear.
* * *
The reason for reviewing a private litigant's request for information is out of a fear of offending the forum nation by furthering a scheme to obviate that nation's discovery rules. That reason is, by necessity, not present in the case where a foreign court is making a request for information, because the foreign court is, presumably, the arbiter of what is discoverable under its rules.
Id. at 310-11 (citations omitted).
Additionally, the Fifth Circuit was aware of the Aldunate decision when it decided In re Letter Rogatory, even citing it in support of another proposition in the opinion. In re Letter Rogatory, 42 F.3d at 310. Had the Fifth Circuit agreed with the entirety of Aldunate, it would have said so and would not have adopted the opposite position described above. Therefore, the Court finds that it is bound by In re Letter Rogatory and not Aldunate.
Trygg-Hansa's second argument is that, even if this Court must review whether discovery is allowed in the foreign jurisdiction at issue, Trygg-Hansa is entitled to "take evidence" from Mr. Francis pursuant to Order 39 r. 2 of the rules of the High Court of England and Wales." (Trygg-Hansa's memorandum in support of its objection, unnumbered p. 3, R.Doc. 11.)
Before addressing this issue, the Court clarifies exactly what Trygg-Hansa seeks in its "Motion to Take Discovery Pursuant to 28 U.S.C. 1782." The Court first notes that nowhere in the motion does Trygg-Hansa state that it only seeks to take the deposition of Mr. Francis for use as evidence at any proceeding in England. Instead, as its motion is entitled, Trygg-Hansa seeks to take "discovery" which "is relevant to the pending proceedings." In the prayer of its motion, Trygg-Hansa asks this Court to issue a subpoena to Mr. Francis to give deposition testimony "in the form of a deposition pursuant to Federal Rules of Civil Procedure Rule 26 et seq." Rule 26 refers to discovery generally under the federal system.
Trygg-Hansa even admits that its present motion "is cast in terms of conducting discovery," although "it has been Trygg-Hansa's intention to use the evidence obtained from Mr. Francis in the London arbitration." (Memorandum in support of objection, unnumbered p. 10, R.Doc. 10.) This last statement is vague and at best can be construed to show Trygg-Hansa's desire to use Mr. Francis' deposition both for discovery purposes and for use at a proceeding. This interpretation is supported by Trygg-Hansa's own motion, which states that the "proposed discovery would be available to the litigants in the Tribunal in which this matter is pending." (Paragraph 12, R.Doc. 8.) As a result, the Court will not attempt to decipher Trygg-Hansa's intention beyond what is stated in the motion itself, i.e., that it seeks discovery.[4]
*628 Having determined that Trygg-Hansa is seeking Mr. Francis' deposition for discovery purposes, the question is whether pretrial discovery against non-parties is allowed in England. Clearly, the answer is "No," as set forth in the South Carolina case relied on by the Magistrate Judge and as conceded by Trygg-Hansa (memorandum in support of objection, unnumbered pp. 4-5, R.Doc. 10). In South Carolina Lord Brandon stated: "[T]here is no way in which a party to an action in the High Court in England can compel pre-trial discovery as against a person who is not a party to such action, either by way of disclosure and inspection of documents in his possession or power, or by way of giving oral or written testimony." South Carolina Co. v. Assurante N.V., (H.L.(E)) [1987] 1 A.C. at 35. (Attached to R.Doc. 10.)
Because this Court must look to whether a foreign jurisdiction allows pre-trial discovery when requested by a private litigant under In re Letter Rogatory and because such discovery is not allowed in England, the Court affirms the Magistrate Judge's ruling.[5]
Finally, the Court addresses Trygg-Hansa's reliance on Order 39, r. 2.[6] This order states when a person "to be examined" at a hearing is "out of the jurisdiction" in a foreign country, a party may apply for an order in England or Wales for a letter rogatory or for an order in the foreign country for an examiner "to take evidence of that person in that country." The Court finds that Order 39, r. 2, refers to the use of evidence at a hearing, not to pre-trial discovery as is sought in the instant motion. This is consistent with the rule against pre-trial discovery in England and Wales. Therefore, Order 39, r. 2, is inapplicable.
This determination is also supported by the affidavit of Charles Simon Hollander, Trygg-Hansa's expert, which details the basis for the use of Order 39, rule 1, in his affidavit. (Attachment to R.Doc. 18.) The affidavit states that the use of Order 39, rule 1, is limited to those times when a person is too old or ill to "travel to the hearing" or will be out of the jurisdiction on the date of the hearing. Id. at 6. Order 39, rule 2, is only applicable "where the person in relation to whom an order under rule 1 is required is out of the jurisdiction." (Exh. "MJG7," R.Doc. 16.) Because the Court has found that Mr. Francis' deposition is requested for discovery purposes, Order 39, rule 2, is inapplicable.
In conclusion, reviewing the Magistrate Judge's ruling de novo, the Court finds that the Magistrate Judge correctly decided Trygg-Hansa's "Motion for Discovery Pursuant to 28 U.S.C. 1728."
Accordingly,
IT IS ORDERED that the "Objection to Ruling of Magistrate Judge" filed by Trygg-Hansa Insurance Company Limited is DENIED.
IT IS FURTHER ORDERED that the United States Magistrate Judge's ruling in this matter is AFFIRMED.
NOTES
[1] The factual background is taken directly from Trygg-Hansa's "Motion to Conduct Discovery Pursuant to 28 U.S.C. 1782." (R.Doc. 8.) Where the Court quotes the motion, the paragraphs of the motion are also referenced.
[2] Mr. Francis does not dispute that, as stated by Trygg-Hansa, the matter is presently in arbitration and that the litigation has been stayed pending the agreement of the parties to resolve their dispute by arbitration. (Trygg-Hansa's memorandum in support of its objection, unnumbered p. 2, R.Doc. 10.)
[3] In Aldunate the Second Circuit found no requirement within the language of § 1782 which required a district court to look at whether discovery is allowed in the foreign tribunal where the underlying action is pending. Id. at 58-59. The court of appeals also held that the concern of "preventing circumvention of foreign restrictions on discovery and avoiding offense to foreign tribunals" is better "addressed by a district judge's exercise of discretion" than as a matter of statutory requirement. Id. at 60.
[4] Trygg-Hansa previously filed a "Petition to Perpetuate Testimony," seeking to depose Mr. Francis and others for purposes of "perpetuating their testimony." (R.Doc. 1.) However, that petition did not cite 28 U.S.C. § 1782, and the Magistrate Judge denied that request "without prejudice to reurge after movant certifies that it has conferred with the parties in interest and obtained their consent to this request." Id. No appeal of that decision was taken pursuant to 28 U.S.C. § 636(b)(1).

Instead, two months later Trygg-Hansa filed a "Motion to Conduct Discovery" identical to the present motion, which this Court denied for failure to inform the Court as to whether there was any opposition. Trygg-Hansa then filed the instant motion (R.Doc. 8), which was decided by the Magistrate Judge and which is the only pleading before the Court. Had Trygg-Hansa only desired to "perpetuate the deposition" of Mr. Francis for use as evidence at the arbitration proceeding, it could have stated so specifically in the present motion.
[5] In view of this decision, the Court finds it unnecessary to determine whether Mr. Francis' deposition, if taken, could be introduced as evidence before the arbitration panel in England and/or any court in England. The affidavits attached to the parties' various memoranda in support of or opposition to the review of the Magistrate Judge's ruling devote much time and attention to this issue.
[6] A copy of Order 39, rule 2, is attached as Exh. MJG7 to Mr. Francis' memorandum in opposition. (R.Doc. 16.)