PUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

IN RE: LETTER OF REQUESTFROM THE
AMTSGERICHT INGOLSTADT, FEDERAL
REPUBLIC OF GERMANY

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

KEITH MORRIS,
Defendant-Appellant.

No. 95-7116

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Frederick P. Stamp, Jr., Chief District Judge.
(MISC-89-50-E)

Argued: March 8, 1996

Decided: April 30, 1996

Before WILKINSON, Chief Judge, and HALL and LUTTIG,
Circuit Judges.

_____

Affirmed by published opinion. Chief Judge Wilkinson wrote the
opinion, in which Judge Hall and Judge Luttig joined.

_____

**COUNSEL**

**ARGUED:** John J. Pizzuti, CAMILLETTI, SACCO & PIZZUTI,
Wheeling, West Virginia, for Appellant. Helen Campbell Altmeyer,

Assistant United States Attorney, Wheeling, West Virginia, for Appellee. **ON BRIEF:** William D. Wilmoth, United States Attorney, Wheeling, West Virginia, for Appellee.

_____

## OPINION

WILKINSON, Chief Judge:

This case involves a request of the Amtsgericht Ingolstadt, the local court of Ingolstadt, Germany, for judicial assistance in obtaining a blood sample from appellant Keith Morris in connection with a paternity suit. Morris appeals from an order directing him to provide the blood sample, arguing that the district court should have assessed whether the German court's request was in compliance with German rules of discovery. We disagree. The treaty and statute authorizing United States courts to assist foreign tribunals in obtaining evidence are grounded in considerations of comity, cooperation, and reciprocity. Second-guessing the evidentiary request of a foreign court based on the foreign nation's own discovery rules would directly contradict these important principles. Accordingly, we affirm the judgment of the district court.

I.

On May 25, 1988, the Amtsgericht Ingolstadt requested assistance in obtaining the blood sample from appellant Morris in a letter rogatory to the Department of Justice and the United States District Court for the Northern District of West Virginia. Morris was then a resident of West Virginia. The court sought the blood sample for use in a paternity action in which Michael Hochkirch, a resident of Ingolstadt, Germany, claimed that Morris was his father and sought maintenance payments from him. In support of Hochkirch's allegation, the letter reported the testimony of his mother, who stated that Morris was the only person with whom she had sexual intercourse during the months preceding Hochkirch's birth.

The letter rogatory was issued pursuant to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S.

2

No. 7444, 23 U.S.T. 2555, a multi-national treaty that was executed on March 18, 1970. Article 1 of the Convention provides for the use of letters rogatory to request the assistance of foreign courts in acquiring evidence. The procedures governing the response to such requests are set forth in 28 U.S.C. § 1782(a), which reads:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

On June 6, 1989, pursuant to this provision, the district court appointed a magistrate to assist the German court in obtaining the blood sample from Morris.

After several years of procedural wrangling and a series of communications with the German court regarding the proper method of collecting the blood sample, the magistrate held a hearing on March 1, 1994, for Morris to show cause why he should not have to comply with the letter rogatory. Unconvinced by Morris' arguments at the hearing, the magistrate entered an order directing Morris to provide the blood sample. The district court affirmed the magistrate's order. This appeal followed.

II.

A district court's order under 28 U.S.C. § 1782 is reviewed for abuse of discretion. Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1097 (2d Cir. 1995). Morris' principal argument is that before ordering him to comply with the German court's request, the district court should have ensured that the blood sample was discoverable as

3

a matter of German law. In our view, however, such a requirement would compromise the purpose of both 28 U.S.C. § 1782 and the Convention on the Taking of Evidence Abroad.

The Convention's preamble states an intention to "facilitate the transmission and execution of Letters of Request" and generally to "improve mutual judicial co-operation in civil or commercial matters." Similarly, 28 U.S.C. § 1782 reflects "the twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." In re Application of Malev Hungarian Airlines, 964 F.2d 97, 100 (2d Cir.), cert. denied, 506 U.S. 861 (1992). Plainly, the treaty and the statute envision considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity.

According to Morris, United States courts should examine evidentiary requests arising from litigation in foreign tribunals for compliance with the foreign nation's discovery laws. Some courts, including in the case principally relied upon by Morris, Lo Ka Chun v. Lo To, 858 F.2d 1564 (11th Cir. 1988), have adopted such a requirement when facing requests from a private litigant. See In re Application of Asta Medica, S.A., 981 F.2d 1 (1st Cir. 1992) (requiring that litigant's request be examined under foreign tribunal's discovery rules). But see In re Application of Gianoli Aldunate, 3 F.3d 54 (2d Cir.) (refusing to require that litigant's request be examined under foreign tribunal's discovery rules), cert. denied, 114 S. Ct. 443 (1993). The rationale for assessing the discoverability of a private litigant's request under the foreign nation's rules is to "prevent[ ] circumvention of foreign restrictions on discovery and avoid[ ] offense to foreign tribunals." Gianoli, 3 F.3d at 60.

However persuasive such concerns may be when a private litigant seeks discovery, they are not at all implicated when, as here, a foreign court requests assistance in obtaining discovery. After all, "the foreign court is, presumably, the arbiter of what is discoverable under its procedural rules." In re Letter Rogatory from First Court, Caracas, 42 F.3d 308, 311 (5th Cir. 1995). "For an American court to double-check the foreign court's request to determine whether it is proper under the foreign nation's rules would be exactly the kind of slight

4

that § 1782 seeks to avoid." <u>Id.</u>; <u>see In re Letter of Request from Boras District Court, Sweden</u>, 153 F.R.D. 31, 34 (E.D.N.Y. 1994) ("The fact that the [foreign court] found sufficient grounds to order the blood test should end this court's inquiry in this regard."). And applying the rule proposed by Morris would encourage similar resistance from foreign courts when United States courts seek their assistance.

In short, we agree with the Fifth Circuit, <u>see Letter from First Court, Caracas</u>, 42 F.3d at 308, that United States courts should not be in the business of second-guessing the evidentiary requests of foreign courts based on the foreign jurisdiction's own rules of discovery.

III.

Morris also suggests two other objections to the district court's order, both of which lack merit. First, Morris contends that the district court should have required an affidavit supporting the allegations in the underlying paternity suit. Precisely the same argument, however, has been rejected by other courts facing a request for a blood sample in a foreign paternity action. <u>See Letter from Boras District Court</u>, 153 F.R.D. at 34. The statute does not require an affidavit, but only that the taking of evidence comply with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a). Morris has not suggested that providing the blood sample conflicts with the federal rules. Nor could he; good cause for ordering the blood test exists under Fed. R. Civ. P. 35. <u>See In re Letter Rogatory from Local Court</u>, 154 F.R.D. 196, 200 (N.D. Ill. 1994).

Second, Morris asserts that the German court failed to comply with Article 3 of the Convention, which requires that letters rogatory supply certain basic information regarding the underlying lawsuit and the requested evidence.* The letter in this case, however, fully complied

_____

*Article 3 provides in pertinent part:

       A Letter of Request shall specify --

(a) the authority requesting its execution and the authority requested to execute it, if known to the requesting authority;

5

with this provision: It stated the identity of the parties to the paternity suit, the nature of the claim, the facts alleged to support the claim, and the reasons for requesting the blood sample. Morris, though, suggests that the letter was inadequate in failing to mention whether the paternity suit was a civil or criminal action, apparently in the belief that a criminal case would implicate his Fifth Amendment rights. Blood tests, however, ordinarily do not raise a Fifth Amendment issue, <u>see</u> <u>Schmerber v. California</u>, 384 U.S. 757 (1966), and at any rate, the paternity suit is civil in nature. Indeed, the Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, as its title verifies, applies only to civil and commercial cases.

IV.

The district court did not abuse its discretion under 28 U.S.C. § 1782 in requiring appellant to comply with the German court's request. The judgment of the district court is hereby

<u>AFFIRMED</u>.

_____

(b) the names and addresses of the parties to the proceedings and their representatives, if any;

(c) the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto;

(d) the evidence to be obtained or other judicial act to be performed.

6