In re LETTER ROGATORY FROM THE NEDENES DISTRICT COURT, NORWAY.

No. M19–90.

United States District Court, S.D. New York.

July 14, 2003.

## OPINION AND ORDER

STEIN, District Judge.

The United States of America ("petitioner"), on behalf of the Nedenes District Court, Norway, brings a motion pursuant to 28 U.S.C. § 1782 to compel Joseph Alan Shammah to provide a blood sample in connection with a paternity proceeding in Norway. The statutory prerequisites of 28 U.S.C. § 1782 having been met, this Court exercises its discretion to grant the petition on the grounds that the twin aims of the statute— providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts—would be furthered if the petition were granted. Shammah's cross-motion for a protective order pursuant to Fed.R.Civ.P. 26(c) is denied.

### I. Background

On September 25, 2000, the Nedenes District Court (the "Norwegian Court") issued Letters Rogatory pursuant to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 28 U.S.C. § 1781 (the "Hague Convention"), seeking judicial assistance in connection with a paternity proceeding in the Norwegian Court. *See* Light Decl., Ex. A—Letters Rogatory at 2. The Letters Rogatory requested that the deposition of Joseph Alan Shammah be taken in the U.S. pertaining to his relationship with Irene Mikalsen, the mother of a three and one half year old child. Mikalsen claims that Shammah was the father. *Id.* If Shammah did not admit to being the father of the child, the Norwegian Court sought a blood test from Shammah. *Id.* at 3.

By *ex parte* Order dated March 4, 2003, this Court appointed Assistant United States Attorney Sarah E. Light as Commissioner to "take such steps as are necessary to obtain answers to questions and a blood sample" from Shammah. By motion dated May 30, 2003, the United States now seeks an order compelling Shammah to appear at Medical Associates of Wall Street, 156 William Street, Ground Floor, New York, on July 17, 2003, to give a blood sample. Shammah filed a cross-motion in support of a protective order pursuant to Fed.R.Civ.P. 26(c).

### II. Discussion

### A. Petitioner Has Met the Statutory Requirements of Section 1782

This motion is brought pursuant to 28 U.S.C. § 1782, which governs under what conditions U.S. courts may provide assistance to foreign and international tribunals and litigants before those tribunals. The statute "affords access to discovery of evidence in the United States for use in foreign proceedings." *In re Edelman,* 295 F.3d 171, 175 (2d Cir.2002). 28 U.S.C. § 1782 provides, in pertinent part, that,

"[t]he district court of the district in which a person resides or is found may order him to ... produce a document or other thing for use in a proceeding in a foreign or international tribunal.... To the extent that the order does not prescribe otherwise, ... the document or other thing [shall be] produced, in accordance with the Federal Rules of Civil Procedure."

The U.S. Court of Appeals for the Second Circuit has identified the following three requirements in section 1782:

"(1) that the person from whom discovery is sought reside (or be found) in the district of the district court to which the application is made, (2) that the discovery be for use in a proceeding before a foreign tribunal, and (3) that the application be made by a foreign or international tribunal or 'any interested person.' "

*Edelman,* 295 F.3d at 175–76 (citing *In re Esses,* 101 F.3d 873, 875 (2d Cir.1996) (per curiam)).

Neither party disputes that all these requirements are met here. Shammah resides in the Southern District of New York, the

discovery sought—a blood sample—is for use in a proceeding before a Norwegian Court, and the application is made by the Norwegian Court, through the United States Attorney's Office for the Southern District of New York. Accordingly, petitioner has met the three statutory requirements of section 1782.

**B. The Court's Discretion Should Be Exercised In Favor of Petitioners**

██ Simply because the facial requirements of section 1782 have been met does not end the inquiry, for Congress and decisional law have given district courts "broad discretion" over the issuance of discovery orders pursuant to section 1782(a). *See Edelman,* 295 F.3d at 181. The Second Circuit has instructed the district courts to exercise their discretion "in light of the twin aims of the statute: 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts....'" *In re Metallgesellschaft,* 121 F.3d 77, 79 (2d Cir.1997) (quoting *In re Malev Hungarian Airlines,* 964 F.2d 97, 100 (2d Cir.1992)).

██ The circumstances under which petitioner seeks the blood sample satisfy the aims of the statute. The Norwegian Court specifically requested the assistance of this Court: accordingly, there are no Norwegian sovereignty concerns that could hinder that court's efforts. *See In re Schmitz,* 259 F.Supp.2d 294, 298 (S.D.N.Y. 2003) (acknowledging the concerns of the German government that permitting discovery "may jeopardize German sovereign rights"). Additionally, following the guidance of the Second Circuit, this Court declines to undertake an inquiry into whether Norwegian laws would permit the ordering of blood samples. *See Metallgesellschaft,* 121 F.3d at 79; *In re Houck,* 1997 WL 1052017, *2 (D.Conn. Oct.10, 1997) (ordering a respondent to provide a blood sample pursuant to letters rogatory issued by Swedish Courts); *In re Boras,* 153 F.R.D. 31, 35 (E.D.N.Y.1994) (same).

Therefore, granting a motion to compel Shammah to provide a blood sample would efficiently assist a request made by the Norwegian Court and would encourage Norway to provide similar assistance to our courts. *See also In re Amtsgericht Ingolstadt,* 82 F.3d 590 (4th Cir.1996) (granting a request pursuant to section 1782 for a blood sample); *In re Smith,* 154 F.R.D. 196 (N.D.Ill.1994) (same); *In re Pforzheim,* 130 F.R.D. 363 (W.D.Mich.1989) (same).

**C. Petitioner Satisfies the Good Cause Requirement in the Federal Rules of Civil Procedure**

██ Pursuant to section 1782, to the extent this Court's order does not prescribe otherwise, "the document or other thing [shall be] produced, in accordance with the Federal Rules of Civil Procedure." Pursuant to Rule 35 of the Federal Rules of Civil Procedure, "[w]hen the mental or physical condition (including the blood group) of a party or person ... is in controversy ... the court ... may order the party to submit to a physical or mental evaluation ... only on motion for good cause shown ...." Fed. R.Civ.P. 35(a). Ordering the production of a blood sample is within the discretion of this Court, however "(1) the physical or mental condition of a party must be in controversy; (2) the expert must be a suitably licensed or certified examiner; and (3) good cause must be shown." *Mohamed v. Marriott Intern., Inc.,* 1996 WL 103838, *3 (S.D.N.Y. March 8, 1996) (citations omitted); Fed.R.Civ.P. 35(a).

██ As Shammah denies he is the father of the child, the physical condition of Shammah is in controversy. Additionally, neither party has claimed that Medical Associates is not certified to take the blood sample. Last, as a blood sample is relevant to a determination of paternity, petitioner has shown that good cause exists for this Court to order that Shammah provide a blood sample. *See Boras,* 153 F.R.D. at 34; *Amtsgericht Ingolstadt,* 82 F.3d at 593; *Smith,* 154 F.R.D. at 200.

**D. Shammah Fails to Show Good Cause For A Protective Order**

██ Shammah seeks a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure that would quash any order

issued pursuant to 28 U.S.C. § 1782. Rule 26(c) states, in pertinent part: "[u]pon motion by ... the person from whom discovery is sought, and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). Shammah contends that under New York state law, a *prima facie* case of paternity must be established before a court will order a blood test and in this case, he contends, the gestation period does not correlate to the time when he allegedly had sexual intercourse with the mother. This, Shammah claims, establishes good cause for a protective order.

However, requiring that petitioner must satisfy the requirements of the local law of the executing jurisdiction would result in an additional legal barrier to section 1782 discovery and would consequently not further the twin aims of the statute. *See In re Gianoli Aldunate*, 3 F.3d 54, 59 (2d Cir.1993) ("we are not free to read extra-statutory barriers to discovery into section 1782"); *Boras*, 153 F.R.D. at 34 ("this court should not look to see whether a *prima facie* case under New York law has been established in the foreign court in the absence of an express statutory requirement"). Accordingly, Shammah's motion for a protective order should be denied.

### III. Conclusion

Petitioner has met the statutory requirements of section 1782. Granting petitioner's motion would also promote section 1782's aims by (1) providing an efficient means of assistance to foreign countries, especially considering that the Norwegian Court specifically made the discovery request and (2) encouraging foreign countries by example to provide similar means of assistance to our courts. *See Metallgesellschaft*, 121 F.3d at 79.

For the foregoing reasons, petitioner's motion, brought pursuant to 28 U.S.C. § 1782, to compel Shammah to give a blood sample is granted and Shammah's cross-motion for a protective order is denied. Shammah is HEREBY ORDERED to appear at Medical Associates of Wall Street, 156 William Street, Ground Floor, New York, New York on July 17, 2003, to give a blood sample.